THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SANDRA HOLLINGSWORTH, Defendant-Appellant.

Fifth District   No. 82—627

Opinion filed December 14, 1983.

Randy E. Blue and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Following a bench trial in the circuit court of St. Clair County,

the defendant was convicted of robbery and sentenced to three years' imprisonment. In her appeal from that conviction, she presents one issue: that the State's evidence failed to prove that property was taken from the victim by a threat of the imminent use of force. We affirm.

The principal witness at trial was Mary Wrenn. On May 12, 1982, she was employed as the principal of Cannady Elementary School in East St. Louis. At approximately 1 p.m., she was in her office when Vertis Hawkins entered, accompanied by a woman who Ms. Wrenn identified at trial as the defendant. Ms. Wrenn had known Hawkins previously, because Hawkins had attended Cannady School. Hawkins and the defendant positioned themselves in front of Ms. Wrenn's desk, as she sat behind the desk. On the desk was about $200 in cash and checks collected from area schools to be given to the American Cancer Society, in addition to $25 in cash belonging to Ms. Wrenn.

For ten or fifteen minutes, Hawkins and the defendant remained in Ms. Wrenn's office, talking to her about the school and about several children at the school. As they spoke, Hawkins moved around the desk to a position behind Ms. Wrenn's chair. Then, the defendant reached toward the desk and picked up the cash and checks. Ms. Wrenn testified that when the defendant moved toward the desk, she observed the handle of a gun tucked in the front of the defendant's jeans. According to Ms. Wrenn, she did not attempt to stop the defendant, because she was afraid of the weapon carried by the defendant and because the defendant appeared to her "to be spaced out on some dope or something." After the defendant took the money, she ran from Ms. Wrenn's office and Hawkins ran out behind her. Ms. Wrenn told the defendant to stop, but to no avail.

Upon the defendant's arrest several days later, she gave a statement to East St. Louis police officers. In that statement, she admitted taking cash and checks from Ms. Wrenn's office. However, she stated that she was not armed during this incident, nor did she believe that Vertis Hawkins was armed.

The essence of a prosecution for robbery is that property be taken from the person or presence of another "by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1981, ch. 38, par. 18—1(a).) It is apparent that no actual force was employed by the defendant in taking the money from Ms. Wrenn, so the question presented here is whether she threatened the imminent use of force in doing so. Proof of such a threat is established by evidence that the fear of the victim was of such nature as in reason and common experience is likely to induce a person to part with his property

for the sake of his person. (*People v. Dates* (1981), 100 Ill. App. 3d 365, 371, 426 N.E.2d 1033, 1038.) A subjective feeling of fear will not support a conviction for robbery in the absence of facts to show that that fear was reasonable. *People v. Romo* (1980), 85 Ill. App. 3d 886, 892, 407 N.E.2d 661, 666.

When the word "robbery" is mentioned, one normally envisions a defendant taking some action which would indicate that he is armed, combined with words spoken to the victim, either announcing the robbery or warning the victim that he will be harmed if he does not cooperate. If the evidence at trial proves that such action was taken and such words were spoken, a defendant will be guilty of robbery even if he was not actually armed. (See, *e.g., People v. Fiala* (1980), 85 Ill. App. 3d 397, 406 N.E.2d 931.) On the other hand, if the defendant does not take any action which would reasonably allow the victim to conclude that he was armed, and only gives instructions such as "put the money in the bag," which do not, of themselves, threaten force, then no robbery is committed. (*People v. Williams* (1976), 42 Ill. App. 3d 134, 355 N.E.2d 597.) The case at bar falls between these two examples, for although there was objective evidence to support Ms. Wrenn's impression that the defendant was armed, the defendant did not speak or otherwise communicate to Ms. Wrenn as defendant took the money from her desk.

In *People v. Bradford* (1979), 78 Ill. App. 3d 869, 397 N.E.2d 863, the defendants approached a cashier in a grocery store and presented her with a note which instructed her to place all the money from the cash drawer in a paper bag. She looked up at the men, and one of them placed his right hand inside a shoulder bag which he carried. Finding this evidence sufficient to sustain a robbery conviction, the court explained that this hand movement, under the circumstances, indicated a threat of the imminent use of force. Similarly, a defendant who reached inside his shirt, revealing a portion of a gun, and instructed the victim to open the cash drawer, from which the defendant took money, was properly convicted of armed robbery in *People v. Chapman* (1981), 94 Ill. App. 3d 602, 418 N.E.2d 995.

The defendants in *Bradford* and *Chapman* took action which indicated to the victims that they were armed, and it is this common factor which supported the convictions in both cases. The instructions communicated to the cashiers were not probative of a threat of imminent force, because similar instructions in *People v. Williams* (1976), 42 Ill. App. 3d 134, 355 N.E.2d 597, were held insufficient to sustain a robbery conviction. Therefore, *Bradford* and *Chapman* illustrate the principle that a robbery conviction may be based upon facts from

which the victim reasonably concluded that the defendant was armed with a deadly weapon when he took property from the person or presence of the victim. Such facts can include, but are not limited to, a "menacing gesture" of reaching into a place where a weapon could be kept (*People v. Fiala; People v. Bradford*) or a display of all or part of a weapon (*People v. Chapman*). The presence of the gun handle in the defendant's jeans is a specific fact from which Ms. Wrenn could have plausibly concluded that the defendant carried a gun. Therefore, the defendant's conviction for robbery must be affirmed.

Our decision is consistent with authorities which have explained that the victim must have parted with property " 'under the temporary suspension of the power of exercising his will through the influence of the terror impressed.' " (*People v. Carpenter* (1966), 71 Ill. App. 2d 137, 143, 217 N.E.2d 337, 340, quoting *Steward v. People* (1906), 224 Ill. 434, 443, 79 N.E. 636, 639.) It is difficult to overestimate the coercive power of a deadly weapon; once its presence is indicated to the victim, nothing more need be communicated to the victim in order to generate a sense of terror. To describe the crime at bar as theft, while calling it robbery if the defendant would have pointed a gun at Ms. Wrenn or told her that "this is a stickup," ignores that the fear of Ms. Wrenn would be just as rational and just as based on specific facts, in any of these examples. We will not hold these facts insufficient to prove a robbery and thereby give rise to a meaningless distinction.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KARNS and HARRISON, JJ., concur.