THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY SIMPSON, Defendant-Appellant.

Third District No. 3—88—0048

Opinion filed February 9, 1989.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Larry Simpson, was charged with aggravated battery, home invasion, residential burglary and armed robbery in connection with his taking money from 88-year-old George Doucette in his home on August 29, 1987. After a jury trial, defendant was found guilty of all charges and sentenced by the Will County circuit court to serve concurrent extended terms of 40 years each for his convictions of home invasion, residential burglary and armed robbery, and 10 years for aggravated battery. Defendant appeals from his convictions and his sentences.

The evidence admitted at trial established that around 2 p.m. on August 29, 1987, the victim, George Doucette, was washing string beans in the kitchen sink of his trailer at 215 North Avenue, Lockport, Illinois. He heard something and turned to find defendant standing inside the door, wielding a knife with a shiny, six-inch blade by his side. Defendant initially asked if he could mow Doucette's lawn. Doucette turned down the offer, explaining that he had just finished mowing and had put his lawn mower away. Doucette suggested they go outside, but defendant resisted. Defendant asked if Doucette could change a $1 bill. Doucette retrieved his wallet from his pocket and handed it to defendant. Defendant withdrew three $20 bills, and Doucette requested that at least he leave the driver's license. Defendant threw the wallet out on the lawn and then lunged at Doucette's chest with the knife. Doucette blocked the assault, but sustained a cut to his hand and fell to the floor. Defendant then kicked Doucette and dashed out to his car parked across the street.

With the help of a neighbor, Doucette called the sheriff's office. Defendant was promptly arrested and brought to the scene of the crime for identification. Defendant's wallet contained $61, but no knife was recovered.

Later, at the sheriff's office, defendant volunteered that he had offered to cut grass for an old man that he saw outside of a trailer in Lockport. Defendant's offer was refused; but, according to defend-

ant, the man yelled at him as he started to drive off. Defendant then returned to the yard, and the old man asked how much defendant wanted for the mowing. Defendant said $3 or $4, and the old man again refused to hire him. Then, according to defendant, the two stood awhile "rapping" until the old man went into the trailer to clean his string beans. Defendant followed into the home and then asked if the old man had change for a $5 bill. The old man reached for his wallet and was fumbling with it when defendant grabbed the wallet, removed $37 and tried to get away. Defendant further stated that the old man tried to grab him as he was leaving, and defendant slammed the door in his face, threw the wallet across the yard and drove off.

At trial, defendant's statement was admitted, but he did not testify on his own behalf. In addition to the charged offenses, on motion of the defendant, the jury was instructed on lesser-included offenses of robbery and theft from a person. The jury returned verdicts of guilty on these offenses in addition to the four charged offenses.

Defendant's motion for a new trial was denied. After a hearing, the court entered judgments of conviction on the four charged offenses, but not on the lesser-included ones. Based on defendant's extensive criminal record, including a prior armed robbery in 1983, the court found that an extended term was applicable, and sentenced defendant to concurrent terms of 40 and 10 years, as aforesaid.

In this appeal, defendant contends that the State's evidence failed to prove essential elements of armed robbery, residential burglary and home invasion. Defendant also posits that the court erroneously considered residential burglary a Class X felony and imposed extended terms for the Class 1 and 3 offenses—residential burglary and aggravated battery, respectively. The State agrees that defendant's sentences for residential burglary and aggravated battery are unauthorized, but argues that the evidence was sufficient to sustain defendant's convictions in all other respects. We agree with the State.

■ ■ Defendant initially suggests that a conviction for armed robbery cannot be sustained in this case because the evidence failed to establish an objective basis for the victim's belief that he was threatened by defendant. In Illinois, "[a] person commits armed robbery when he *** [takes property from the person or presence of another by the use of force or by threatening the imminent use of force] while he *** carries on or about his *** person, or is otherwise armed with a dangerous weapon." (Ill. Rev. Stat. 1987, ch. 38, par. 18—2(a).) Clearly, there was evidence that defendant carried a

dangerous weapon and thereby enforced his "request" for Doucette's money. There is no requirement that the victim wait until that weapon is aimed to strike a vital organ before the "use of force" or "threat of imminent use of force" may be established. (*People v. Ader* (1988), 176 Ill. App. 3d 613, 531 N.E.2d 407; *People v. Hollingsworth* (1983), 120 Ill. App. 3d 177, 179-80, 457 N.E.2d 1062, 1064.) Nor is it essential to prove menacing language where the weapon is openly displayed in anticipation of the taking of property. As stated in *Hollingsworth*, "[a] subjective feeling of fear will not support a conviction for robbery in the absence of facts to show that that fear was reasonable." (120 Ill. App. 3d at 179, 457 N.E.2d at 1064.) The fact that defendant carried out his implicit threat in this case by attempting to thrust the blade into his victim's chest after the money was handed over supports Doucette's reasonable belief that he was threatened by the weapon when he turned over the wallet. Moreover, it has been held that the offense of robbery may be sustained where the taking was without force, but defendant's departure was accomplished by force. (See, *e.g., People v. Kennedy* (1973), 10 Ill. App. 3d 519, 294 N.E.2d 788.) Although defendant on appeal attempts to distinguish this case from *Kennedy* by characterizing his violence following the taking as "gratuitous," the fact is that defendant's knifing and kicking accompanied his exit, probably facilitated his exit, and was sufficient under *Kennedy* to transform a theft into a robbery.

■ Defendant next argues that the State's evidence failed to prove that he had the intent to steal prior to entering Doucette's trailer. Residential burglary is "knowingly and without authority enter[ing] the dwelling place of another with the intent to commit therein a felony or theft." (Ill. Rev. Stat. 1987, ch. 38, par. 19—3.) Defendant admitted that his purpose in approaching Doucette was for money. He entered the trailer, knife in hand. Defendant first indicated that he was willing to earn some money, but his display of the knife proves that he came in prepared with a back-up plan to take his victim's money by force if the seemingly benign offer was refused. (It would be ludicrous to believe that defendant had intended to use the six-inch blade to cut the grass.) Based on the evidence presented at trial the jury was entitled to reject defendant's version of his encounter with Doucette and infer from the circumstances as related by Doucette that defendant had formed the requisite intent prior to his appearance in the trailer. See *People v. Bryant* (1979), 79 Ill. App. 3d 501, 398 N.E.2d 941.

■ Defendant's challenge to his conviction of home invasion is

similarly unconvincing. The information charged that defendant, "not *** a peace officer acting in the line of duty, knowingly and without authority entered the dwelling place of George Doucette *** knowing *** Doucette to be present *** and intentionally caused injury to him." (See Ill. Rev. Stat. 1987, ch. 38, par. 12—11(a)(2).) Defendant first suggests that his entry into the trailer was not unauthorized. The mere fact that one has not locked or even closed the outside door to one's residence in the middle of a summer day hardly constitutes an invitation to a perfect stranger to enter for any reason whatsoever. Accepting Doucette's testimony, there is no doubt but that defendant's entry was unauthorized.

■ Next, defendant reiterates his contention that the evidence did not prove the requisite *mens rea* upon entry into Doucette's trailer. Although there may be some split in authority as to whether the offense of home invasion requires proof of intent upon entry to use force or threaten the imminent use of force (Ill. Rev. Stat. 1987, ch. 38, par. 12—11(a)(1)) or to cause injury to any person within the dwelling place (Ill. Rev. Stat. 1987, ch. 38, par. 12—11(a)(2)) (compare *People v. Bitner* (1980), 89 Ill. App. 3d 1106, 412 N.E.2d 721 (holding no intent need be proved other than unauthorized entry), with *People v. Medreno* (1981), 99 Ill. App. 3d 449, 425 N.E.2d 588 (indicating that unauthorized entry must be for the purpose of threatening or using force)), it is clear from the evidence here, as aforesaid, that defendant entered the trailer intending to use the knife for something more sinister than gardening chores. Thus, this case presents no need to resolve any conflict between our holding in *Bitner* and the *dicta* appearing in *Medreno*.

■ Lastly, it is apparent that defendant's sentences for residential burglary, a Class 1 felony, and aggravated battery, a Class 3 felony, are in excess of those permitted by statute. The extended-term provision (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)) applies only to the class of the most serious offense when multiple convictions are entered—in this case, the Class X offenses. (See *People v. Phillips* (1987), 159 Ill. App. 3d 483, 511 N.E.2d 1193.) The parties agree that the maximum allowable sentences for defendant's convictions of residential burglary and aggravated battery are 15 and 5 years, respectively. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—1(a)(4), (a)(6).) Accordingly, defendant's sentences for those offenses are hereby reduced to 15 years and 5 years, respectively, in the Department of Corrections to run concurrently with the 40-year sentences imposed for armed robbery and home invasion.

Defendant's sentences for residential burglary and aggravated

battery are modified. In all other respects, the judgments of conviction and sentences as entered by the circuit court are affirmed. Affirmed as modified.

Affirmed as modified.

STOUDER, P.J., and SCOTT, J., concur.