THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY W. LOVINGS, Defendant-Appellant.

Second District    No. 2—94—0278

Opinion filed September 15, 1995.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Norbert J. Goetten, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Joan M. Kripke, of Chicago, for the People.

JUSTICE BOWMAN delivered the opinion of the court:

A grand jury indicted defendant, Jerry W. Lovings, for armed robbery (720 ILCS 5/18—2(a) (West 1994)). Following a two-day bench trial in which defendant appeared *pro se* with an assistant public defender acting as standby counsel, the trial court found defendant not guilty of armed robbery but guilty of robbery (720 ILCS 5/18—1(a) (West 1994)). The trial court sentenced defendant to 12 years' imprisonment. Defendant now appeals his conviction, seeking either reversal outright or a new trial. We affirm.

Raymond Guinter, the alleged victim, testified at trial that on September 18, 1993, he was sitting on the hood of his car, waiting for a friend in the parking lot of the Grand Hotel in Rockford. He stated that defendant approached him and offered to sell him some crack cocaine. Guinter declined the offer, entered his car, and sat behind the steering wheel. Defendant then entered Guinter's car through the unlocked front passenger door and sat next to Guinter. Defendant asked Guinter again if he wanted to purchase some crack. Guinter again refused the offer. Defendant then announced to Guinter that he had a gun and demanded Guinter's money. Guinter testified that "after the initial shock or whatever wore off" he gave defendant his money, which consisted of two $20 bills. Defendant took the money, exited Guinter's car, and entered a black Buick parked nearby. Guinter recorded the Buick's license number and drove off to find a telephone. He stopped at a convenience store a few blocks from the Grand Hotel and called the police.

In response to questions from the prosecutor, Guinter admitted that he had previously been convicted of burglary and residential burglary and that he had charges pending against him for aggravated battery and disorderly conduct. Guinter stated, however, that he expected no "deal" on the pending charges in exchange for his testimony.

Rockford police officers Robert Cole and Dana Smith responded to Guinter's call. Officer Cole stated that while he was talking to Guinter in front of the convenience store, the black Buick Guinter had described passed them on the street. He pursued the Buick in his vehicle and forced it to stop. There were three individuals riding in

the Buick. Gary Gray was the driver; Tuck Hopson and defendant were passengers.

Officer Smith testified that, after Officer Cole went in pursuit of the Buick, he followed with Guinter in his vehicle. When they arrived at the location where the Buick was stopped, the officers had Guinter view each of its occupants one at a time. Guinter identified defendant as the man who had robbed him. The officers searched defendant and found one $20 bill. They then searched Gray and found a second $20 bill. They also recovered a .22-caliber BB pistol from the car. The officers transported defendant, Gray, and Hopson to the Rockford public safety building.

Gary Gray testified for the defense and told a drastically different story. Gray stated that on September 18, 1993, he was in the parking lot of the Grand Hotel drinking with some friends, including defendant and Tuck Hopson. Upon seeing Guinter, someone suggested that they try to sell him some ground-up drywall, packaged to look like crack. Tuck Hopson approached Guinter and sold him two bags of drywall for $20. Then, according to Gray, defendant approached Guinter and sold him two additional bags of drywall for $20. Gray testified that they then watched and laughed as Guinter put the drywall in a crack pipe and attempted, unsuccessfully, to smoke it. On cross-examination, Gray admitted that, in a statement he made to the police on September 18, 1993, shortly after being detained, he did not mention the sale of drywall to Guinter. He maintained, however, that his memory of the incident was better at the time of trial than it was when he made the statement to the police.

After hearing the above evidence, the trial court found defendant not guilty of armed robbery but guilty of robbery. Regarding the armed robbery charge, the trial court stated:

"He [Guinter] clearly never saw a weapon. A weapon was never displayed. The presence of a weapon was never corroborated by anything other than a weapon having been found in the front seat of a car in which the defendant was riding as a passenger."

In support of its determination that defendant was guilty of robbery, the trial court stated:

"I watched the demeanor of the accusing witness, Raymond Guinter. I thought he testified exceedingly well for a person in his circumstances. I thought that nothing he said was even remotely impeached on cross-examination, that he was very believable."

On appeal, defendant contends (1) the State failed to prove beyond a reasonable doubt the element of threat of force; (2) the trial court erroneously precluded defendant from inquiring as to the cir-

cumstances of Guinter's pending aggravated battery charge; and (3) the mittimus should be corrected because it shows that defendant was convicted of armed robbery rather than robbery.

■ Defendant's first contention is that the evidence failed to prove an essential element of the crime of robbery. Specifically, he argues the evidence does not establish that he threatened Guinter with the imminent use of force.

Our standard of review on a challenge to the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261; *People v. Feld* (1994), 267 Ill. App. 3d 56, 61 (holding this standard applies to bench trials).) This standard of review does not allow the reviewing court to substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses. (*People v. Torres* (1995), 269 Ill. App. 3d 339, 346; *People v. Wych* (1993), 248 Ill. App. 3d 818, 823.) Where the evidence is conflicting, it is the prerogative of the trier of fact to ascertain the truth and resolve minor discrepancies in the testimony of the witnesses. (*People v. Martin* (1995), 271 Ill. App. 3d 346, 351; *People v. Taylor* (1995), 269 Ill. App. 3d 772, 783.) The testimony of only one credible witness can sustain a conviction. (*People v. Benitez* (1994), 269 Ill. App. 3d 182, 188.) A reviewing court will not reverse a criminal conviction unless the evidence is so unreasonable, improbable, or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. *Wych*, 248 Ill. App. 3d at 824.

■ Section 18—1(a) of the Criminal Code provides in pertinent part:

> "A person commits robbery when he or she takes property *** from the person or presence of another by the use of force or by threatening the imminent use of force." (720 ILCS 5/18—1(a) (West 1994).)

The use of force or the threat of the imminent use of force is an essential element of the crime of robbery. (See *People v. Hollingsworth* (1983), 120 Ill. App. 3d 177, 178-79; *People v. Bradford* (1979), 78 Ill. App. 3d 869, 874.) The parties agree that no force was actually used in the present case; hence, our inquiry focuses on whether defendant threatened Guinter with the imminent use of force. The threat of imminent force requirement is satisfied "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will." (*Bradford*, 78 Ill. App. 3d at 874; see also *People v. Dates* (1981), 100 Ill. App. 3d

365, 371 (requirement satisfied where victim's fear is of "such nature as in reason and common experience is likely to induce a person to part with his property for the sake of his person").) Defendant contends that, as a matter of law, his entry into Guinter's car combined with his announcement that he had a gun and demand for money could not compel a reasonable person to part with his property against his will. We disagree.

The recent case of *People v. Grengler* (1993), 247 Ill. App. 3d 1006, is instructive. There, the defendant entered a gas station at approximately 1 a.m. and asked for directions. Defendant lingered in the gas station for some time. Then, when no customers were present, he asked the clerk if he had ever seen "a .25 special." The defendant also put his hand in his coat pocket and ordered the clerk to give him money. The clerk complied with the defendant's command. The clerk testified that he saw something that looked like a gun barrel protruding through the defendant's coat pocket and believed the defendant had a gun. *Grengler*, 247 Ill. App. 3d at 1008-09.

On appeal, the defendant argued the State had failed to prove beyond a reasonable doubt that he threatened the clerk with the imminent use of force. This court rejected his argument, holding that the combination of the defendant's reference to a ".25 special," the defendant's placing of his hand in his pocket, and his demand for money constituted both an announcement of the robbery and a credible threat of force, despite the fact that he was unarmed. Accordingly, the court held that the evidence was sufficient to support the robbery conviction. *Grengler*, 247 Ill. App. 3d at 1013.

*Grengler* is applicable to the present case. We recognize that here defendant did not place his hand in his pocket or otherwise physically indicate that he had a gun. However, *Grengler* did not hold that such a physical action is necessary to constitute a threat of the imminent use of force. Rather, *Grengler* recognized that a *clear communication* of the fact that the defendant is armed with a gun, coupled with a demand for money, will support a robbery conviction. (See *Grengler*, 247 Ill. App. 3d at 1013; see also *Hollingsworth*, 120 Ill. App. 3d at 178-79 (snatching money from victim's desk combined with victim's belief that she saw a gun handle in the defendant's belt constituted threat of imminent use of force); *Dates*, 100 Ill. App. 3d at 372-73 (concealing hands in pockets and demanding money constituted threat of imminent use of force); *Bradford*, 78 Ill. App. 3d at 874 (placing hand in camera bag in conjunction with a demand for money constituted threat of imminent use of force).) Thus, in the present case, the proper focus is on (1) whether defendant communicated to Guinter that he had a gun; and (2) whether such com-

munication created in Guinter a fear that was "of such a nature as in reason and common experience is likely to induce a person to part with property against his will." *Bradford*, 78 Ill. App. 3d at 874.

■ Defendant's uninvited entry into a stranger's car, his unequivocal statement that he had a gun, and his demand for money constitute "an announcement of the robbery and a threat of force" (*Grengler*, 247 Ill. App. 3d at 1013) and are plainly sufficient to induce a reasonable person to part with his money against his will. As the court in *Hollingsworth* aptly stated, "[i]t is difficult to overestimate the coercive power of a deadly weapon; once its presence is indicated to the victim, nothing more need be communicated to the victim in order to generate a sense of terror." (*Hollingsworth*, 120 Ill. App. 3d at 180.) We conclude the evidence, considered in the light most favorable to the prosecution, is sufficient to prove defendant guilty of robbery beyond a reasonable doubt.

■ Defendant's second contention is that the trial court abused its discretion in refusing to allow defendant to question Guinter regarding the facts underlying Guinter's pending aggravated battery and disorderly conduct charges. According to defendant, the circumstances surrounding Guinter's pending charges would "demonstrate the unreasonableness of Guinter's fear allegedly arising from the defendant's statement [that he had a gun]." The trial court excluded this evidence on the basis of relevance.

A trial court's ruling regarding the relevance and admissibility of evidence will not be reversed absent a clear abuse of discretion and manifest prejudice. (See *People v. Williams* (1995), 165 Ill. 2d 51, 61; *People v. Medrano* (1995), 271 Ill. App. 3d 97, 103.) Evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. See *People v. Eyler* (1989), 133 Ill. 2d 173, 217; *Medrano*, 271 Ill. App. 3d at 103.

It is true, as defendant notes, that a defendant is permitted to introduce evidence bearing on a victim's aggressive and violent character where he raises a theory of self-defense in a homicide or battery case. (See *People v. Lynch* (1984), 104 Ill. 2d 194, 200; *People v. Lovelace* (1993), 251 Ill. App. 3d 607, 621.) Defendant invites us to extend the *Lynch* rule and hold that, in an armed robbery or robbery case, a defendant may question the complaining witness regarding past instances of violent behavior by the witness for the purpose of showing that the witness did not subjectively feel threatened by the defendant's actions.

We decline this invitation. Aside from the obvious unfair prejudice that would be created by testimony regarding the facts underly-

ing Guinter's pending charges, defendant's theory of the relevance of this evidence is farfetched, at best. We fail to see how exposing the trial court to this evidence could have affected its finding that defendant's actions caused Guinter to experience a fear "of such a nature as in reason and common experience is likely to induce a person to part with property against his will." (*Bradford*, 78 Ill. App. 3d at 874.) Thus, we agree with the trial court's ruling that this evidence is irrelevant. Moreover, as the State points out, Guinter could easily have avoided answering questions regarding his pending charges by invoking his privilege against self-incrimination. (See U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10.) In short, the trial court acted within its discretion in excluding this evidence.

■ Defendant's third and final contention is that the mittimus should be corrected because, due to a clerical error, it indicates he was convicted of armed robbery rather than robbery. The State agrees with this point, and we order the trial court on remand to correct the mittimus to show that defendant was convicted of robbery (720 ILCS 5/18—1(a) (West 1994)).

For the reasons stated above, the judgment of the circuit court of Winnebago County is affirmed. The cause is remanded to the trial court with directions to correct the mittimus in accordance with this order.

Affirmed and remanded.

INGLIS and GEIGER, JJ., concur.