THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY LEWIS, Defendant-Appellant.

First District (5th Division)    No. 1—95—3085

Opinion filed November 27, 1996.

GORDON, J., dissenting.

Rita A. Fry, Public Defender, of Chicago (Eileen T. Pahl, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Faustmann, and Frank J. Andreou, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COUSINS delivered the opinion of the court:

Following a bench trial, defendant Anthony Lewis was found guilty of robbery and sentenced to six years in prison. On appeal, he contends that the State failed to prove his guilt beyond a reasonable doubt and that the trial court abused its sentencing discretion when it disregarded his expression of remorse. For the reasons that follow, we affirm.

The complaining witness, Dallas Pickett, testified that he was in a food and liquor store at 5415 South Ashland Avenue in Chicago shortly after midnight on October 26, 1994, when he noticed a man standing directly behind him in the lighted store vestibule. Pickett hurriedly placed his purchase in his shoulder bag, but when the teller laid Pickett's $17 to $18 in change on the turnstile, the man reached around Pickett and placed his hand on the money. Pickett testified that he "grabbed [the man's] hand which had the money in it" and tried to hold the man but some of the money fell to the floor.

As the man broke away, Pickett grabbed his coat and pushed him. The man stooped down, causing Pickett to fall over him, and then fled. Pickett testified that the man escaped with $6 or $7 dollars. Pickett did not chase him, but returned to the store vestibule where he found a $10 bill on the floor. Pickett told the store teller about the incident but did not call the police.

Pickett testified that he got several good looks at his assailant. He saw the man again within a few hours but did not call the police. Sometime later he flagged down a police car, told the officers what had happened and gave them a description of his assailant's clothing and physical features. Several weeks later, Pickett saw his assailant looking in the same store and followed him. The man fled when he saw Pickett. Pickett drove around the area with police but was unable to find the man. Chicago police officer John Murray testified that he stopped defendant a short time later and Pickett identified him. Pickett also identified him in court.

Defendant's grandmother testified that defendant had been sick in bed the entire week when the incident occurred and did not leave the house.

Defendant first contends that the State's evidence was insufficient to prove (1) that any money was taken, (2) that sufficient force was used to constitute a robbery or (3) that he was properly identified. A criminal conviction will not be set aside on review unless the evidence is so improbable or unsatisfactory that a reasonable doubt of defendant's guilt remains. *People v. Byron*, 164 Ill. 2d 279, 299 (1995). Determinations of the credibility of witnesses, weight to be given their testimony, and reasonable inferences to be drawn from the evidence are responsibilities of the trier of fact. *People v. Steidl*, 142 Ill. 2d 204, 226 (1991). On review, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Nitz*, 143 Ill. 2d 82, 95-96 (1991).

In Illinois, a person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. 720 ILCS 5/18—1 (West 1994). An apposite case is *People v. Bowel*, 111 Ill. 2d 58 (1986). In *Bowel*, a woman was carrying her purse at her side, holding the purse at the zipper when the purse opened. The defendant walked towards her and took her left hand with his left hand and "touched" her fingertips as he pulled the purse from her hand with his right hand, leaving her fingers "a little red" but not bruised. As the defendant took the woman's left hand, he pushed it back, immobilizing her arm and

causing her body to be "turned slightly." She then turned and watched him flee. A week later, the defendant was identified in a lineup as the purse snatcher. At trial, he was convicted of robbery. In affirming the robbery conviction in *Bowel*, the Illinois Supreme Court wrote:

"[T]he degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will. [Citations.]

We consider that the trial court was correct in holding there was a robbery and not a theft from the person.

\* \* \*

Looking at all the evidence of the incident, there was a taking of the purse by use of force and, thus, a robbery." *Bowel*, 111 Ill. 2d at 63-64.

■ In the case *sub judice*, Pickett grabbed defendant's hand first as defendant snatched Pickett's change from the turnstile. The defendant retained some money and some money was scattered on the floor. Pickett sought to grab the defendant and fell over him. The use of force was sufficient to constitute robbery. *People v. Bowel*, 111 Ill. 2d at 64.

The dissent in this case places reliance primarily upon *People v. Ryan*, 239 Ill. 410 (1909), and *People v. Patton*, 76 Ill. 2d 45 (1979). However, *Ryan* is distinguishable from the present appeal because *Ryan*, as the dissent quotes, involved " 'an attempt to remove the stud from the necktie by stealth and adroitness, by means of the newspaper placed under the chin and by detaching the stud in some way. There was no injury to the person of the owner and *no violence or struggle either to obtain the stud or to retain it.*' " (Emphasis added.) 285 Ill. App. 3d at 658-59 quoting, *Ryan*, 239 Ill. at 412-13, 88 N.E. at 171. In the instant case, there was a struggle to retain the money. In our view, this struggle involved force sufficient to constitute robbery.

*Patton* is also distinguishable from the present case. In *Patton*, the court held that the "snatching" of the purse from the victim was not itself sufficient use of force to constitute robbery. The court considered that where an article is taken " 'without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand' the offense will be held to be theft from the person rather than robbery." See *Bowel*, 111 Ill. 2d at 63, quoting *Patton*, 76 Ill. 2d at 52.

In contradistinction to *Patton*, the current case involved more than a mere snatching. Here, a struggle ensued and force occurred between the victim and the defendant.

■ Defendant also contends that Pickett's identification of him was insufficient. Identification by a single witness is sufficient to sustain a conviction if the witness had an adequate opportunity to view the accused under circumstances permitting a positive identification. *People v. Slim*, 127 Ill. 2d 302, 307 (1989). Here, Pickett testified that he particularly noticed defendant behind him in the lighted store vestibule because defendant was not standing where he was supposed to and that Pickett became anxious and packed up his purchases quickly. Pickett testified that he also observed defendant when defendant grabbed Pickett's change as they scuffled. Pickett also saw defendant several times later and was able to give police a description of defendant's clothing and certain physical characteristics. The evidence here supports Pickett's positive identification of defendant, and we will not reverse on this basis.

■ Defendant also maintains that the trial court abused its discretion when it disregarded his expression of remorse at the sentencing hearing. The State contends that this issue is waived because defendant failed to file a motion to reduce his sentence, citing *People v. Beals*, 162 Ill. 2d 497, 510-11 (1994). Since there are post-*Beals* cases that do not support waiver (see *People v. Askew*, 273 Ill. App. 3d 798, 804-05 (1995)), we will consider defendant's argument.

After counsel presented arguments in aggravation and mitigation, defendant stated:

"I want to say I'm sorry for the troubles I have been going through. And it's not my fault. They have been finding me so many times and you had gave me breaks and breaks and I have not helped by it. But this time, your Honor, if you can give me a break and let me get my life back together I will. I want to go to school and get me a job out there, that's what I was trying to do and I was wondering if you could have in your heart to forgive me for this trouble I have been going through. That's all I got to say.

THE COURT: Well, you have been convicted of an offense, the victim is the one who has to forgive."

Pursuant to section 5—5—3.1 of the Unified Code of Corrections, the trial court is required to consider factors in mitigation upon sentencing. 730 ILCS 5/5—5—3.1 (West 1994). One of these factors is defendant's character and attitude, which indicate whether he will commit another crime. 730 ILCS 5/5—5—3.1(a)(9) (West 1994). Although the trial court stated that only the victim could forgive defendant, there is nothing else to demonstrate that the trial court did not consider all the factors in mitigation. Defendant has been unable to overcome the presumption that the trial court considered all the evidence in mitigation. *People v. Deaton*, 236 Ill. App. 3d 530, 547 (1992).

Accordingly, the judgment of the trial court is affirmed. As part of our judgment, we grant the State's request and assess defendant $100 as costs for this appeal.

Judgment affirmed.

HOURIHANE, J., concurs.

JUSTICE GORDON, dissenting:

I cannot agree with the majority that the conduct of the defendant rose to the level of robbery rather than plain theft. The rule is clear that force is an essential component of the robbery and must be "of such a character as to temporarily suspend the [victim's] power to exercise his will." *People v. Stewart,* 54 Ill. App. 3d 76, 80, 369 N.E.2d 131, 133 (1977). The State must also establish that the force preceded or was contemporaneous with the taking of the property. *People v. Romo,* 85 Ill. App. 3d 886, 407 N.E.2d 661 (1980). In *Romo,* defendant told the victim that he was a police officer and asked for the victim's wallet, grabbed the wallet and took the money. Before defendant left, he pushed the victim "over by his car," kicked him in the foot and warned him not to tell anyone. 85 Ill. App. 3d at 889. The court held that this grabbing was insufficient to establish the force necessary to constitute robbery. The court further remarked, "The pushing, kicking, and threatening which occurred just before defendant left the scene of the crime cannot be considered as evidence of force used in the taking because they did not immediately follow the taking or constitute part of the *res gestae* of the robbery." 85 Ill. App. 3d at 892.

The longstanding decision of our supreme court in *People v. Ryan,* 239 Ill. 410, 88 N.E. 170 (1909), must control. There, while the victim was standing on a crowded platform of an elevated car, the defendant yanked a valuable stud off the victim's necktie. The victim grabbed defendant's hand, which he released as the defendant ran for the exit. In finding that the force exerted was insufficient to constitute robbery, the court declared:

> "If a thing of value be feloniously taken from the person of another with such violence as to occasion a substantial corporal injury or if it be obtained by a violent struggle with the possessor it is robbery, but if the article is taken without any sensible or material violence to the person and without any struggle for its possession it is merely larceny from the person. [Citations.] \*\*\* The evidence in this case only tended to prove an attempt to remove the stud from the necktie by stealth and adroitness, by

means of the newspaper placed under the chin and by detaching the stud in some way. There was no injury to the person of the owner and no violence or struggle either to obtain the stud or to retain it. There was no intent to remove it by force, and when detected the defendant immediately ran away. The pushing and crowding were the ordinary methods of pick-pockets and the act of the defendant was that of a sneak thief." *Ryan*, 239 Ill. at 412-13, 88 N.E. at 171.

See also *People v. Gray*, 80 Ill. App. 3d 817, 400 N.E.2d 473 (1980).

Here, as in *Ryan*, the attempt to deprive the victim of his property was by stealth and the defendant ran when detained. Here, as in *Ryan*, the defendant's conduct was not that of a robber, but of a sneak thief. While the victim tripped as he was attempting to apprehend the defendant, that did not occur until after the robbery occurred. As in *People v. Romo*, it was not part of the *res gestae* of the event, nor was there any force aggressively exerted by the defendant other than the continuation of his effort to flee. Moreover, there is no indication that any injury was sustained by the victim at that time.

The case of *People v. Bowel*, 111 Ill. 2d 58, 488 N.E.2d 995 (1986), cited by the majority, is consistent with this dissent. There the defendant used physical force assertively to facilitate his taking of the victim's property. The court determined that the relative degree of force was secondary to the fact that defendant deployed physical force in the first instance. The court stated:

> "Here there was more than a simple snatching. The force involved was greater. The victim was aware the defendant was approaching her. The defendant reached out and took hold of her left hand. He pulled the purse from Thomas' hand and at the same time pushed her hand behind her so she could not pull it toward her. This forcible pushing back and immobilizing of the hand was part of the act of taking the victim's purse. The victim's body was 'turned slightly' as a result of the grabbing of the purse.
>
> Looking at all the evidence of the incident, there was a taking of the purse by use of force and, thus, a robbery." *Bowel*, 111 Ill. 2d at 64, 488 N.E.2d at 977.

Here, no force was assertively deployed by the defendant in his attempt to take the victim's property. It was the victim who attempted to use force to detain the defendant. Defendant's response was to pull away rather than to assertively push or restrain the victim. Thus, the defendant's conduct here was wholly analogous to that of the defendant in *People v. Ryan*.

The State, it its brief, relies heavily upon the decision in *People v. Houston*, 151 Ill. App. 3d 718, 502 N.E.2d 1174 (1986). There the court stated, "[a] theft may be robbery if the perpetrator overcomes

or attempts to overcome the personal physical resistance of the victim with even the slightest degree of force." *Houston*, 151 Ill. App. 3d at 721, 502 N.E.2d at 1176. I submit that this common law holding as applied in *Houston* is inconsistent with its application by our supreme court in *People v. Ryan*. Moreover, consistent with our discussion concerning *People v. Bowel*, *Houston* is also distinguishable on its facts because there the defendant, in resisting, used force aggressively by pushing away the victim, who was in a wheelchair. Moreover, in addition to the aggressive nature of his resistance, the use of force by the *Houston* defendant was deployed at the crime scene to defend his felonious possession. Here, as previously noted, defendant's resistance was at all times passive, involving only his continuing effort to pull away from the victim. At the scene, defendant simply pulled his wrist away from the victim's grasp. After the defendant pulled free at the scene, the victim continued his pursuit as the defendant left the scene by walking out the door. The victim at that point grabbed defendant's coat from behind as the defendant was facing away in his effort to leave. According to the victim's testimony, "What happened is he was kind of stooped and leaned over and I went over his back, his hood and jacket kind of like went over his shoulder and I hit the sidewalk."

Thus, with respect to the event that caused the victim to fall, not only was it engendered wholly by passive conduct on the part of the defendant, but also it did not occur until the defendant left the scene of the crime and is therefore not part of the *res gestae*. Defendant here was no longer defending his felonious possession but merely attempting to elude his apprehension.

> " '[W]here it is doubtful under the facts whether the accused is guilty of robbery or larceny from the person, it is the duty of the court *** to resolve that doubt in favor of the lesser offense.' " *People v. Patton*, 76 Ill. 2d 45, 52, 389 N.E.2d 1174, 1177 (1979), quoting *People v. Williams*, 23 Ill. 2d 295, 301, 178 N.E.2d 372, 376 (1961).

For these reasons, I would reverse the robbery conviction and remand it to the trial court for reduction to the lesser included offense of theft.