In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-1272

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JONATHAN SMITH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 3:19-cr-30048 — **Sue E. Myerscough**, *Judge.*

ARGUED FEBRUARY 21, 2024 — DECIDED JULY 23, 2024

Before EASTERBROOK, BRENNAN, and KIRSCH, *Circuit Judges*.

BRENNAN, *Circuit Judge*. Jonathan Smith pleaded guilty in federal court to one count of distributing methamphetamine. At sentencing, the district court applied two recidivist enhancements. Both required a prior conviction for a crime of violence, and the court found that his 2008 conviction for aggravated robbery in Illinois qualified. On appeal, Smith argues this prior conviction is not a predicate because Illinois

did not require the intentional use of force to sustain a conviction.

## I.

In August 2022, Jonathan Smith pleaded guilty in federal court to one count of distributing five or more grams of methamphetamine. Smith has committed two other offenses for which he was sentenced to more than a year of prison, including a 2008 conviction for aggravated robbery in Illinois.

The probation department in the presentence investigation report recommended that the district court apply two different enhancements[1], treating the aggravated robbery conviction as a predicate offense for both. First, as a "crime of violence," it (along with a second prior felony) made Smith a career offender under U.S.S.G. § 4B1.1(a). Second, as a "serious violent felony," it raised the penalty for his methamphetamine distribution conviction to a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B).

Smith objected to both enhancements. He argued that Illinois has upheld convictions for aggravated robbery even when the defendant did not use intentional force. And *Borden v. United States* held that a crime that could be committed with recklessness cannot be an offense requiring the "use … of physical force against the person of another." 593 U.S. 420, 426 (2021) (omission in original) (quoting 18 U.S.C. § 924(e)(2)(B)(i)); *id.* at 445. So, Smith asserted his prior aggravated robbery conviction must be a categorical mismatch with

---

[1] The district court applied a statutory sentencing adjustment and classified Smith as a recidivist under a Sentencing Guidelines provision. In this opinion, "enhancement" refers to both.

the enhancements' definitions and thus that those enhancements could not apply.

The district court disagreed, recognizing that this court has already held that a conviction for aggravated robbery in Illinois requires the "'use, attempted use, or threatened use of physical force against the person of another.'" *See United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017) (emphasis added) (quoting U.S.S.G. § 2L1.2(b)(1), cmt. n.1(B)(iii)). *Chagoya-Morales* was decided before *Borden*, so the district court followed *Chagoya-Morales* and left reconsideration of it in light of *Borden* to us. The court sentenced Smith to 120-months' imprisonment. Smith appeals.

## II.

Smith argues the district court should not have applied the sentence enhancements because his prior Illinois offense for aggravated robbery is not a predicate offense supporting those enhancements. This summons the categorical approach. *See United States v. States*, 72 F.4th 778, 783 (7th Cir. 2023); *Elion v. United States*, 76 F.4th 620, 625–26 (7th Cir. 2023). To be sure that Smith's prior offense qualifies as a predicate offense for the sentence enhancements, we must determine whether the enhancements' definitions of serious violent felony and crime of violence are "broad enough to encompass the elements of [Smith's] statute[] of conviction." *Elion*, 76 F.4th at 625; *see also United States v. Liestman*, 97 F.4th 1054, 1056 (7th Cir. 2024) (en banc) (discussing purpose of categorical approach). This court reviews a district court's application of the categorical approach de novo. *States*, 72 F.4th at 783.

We look first to the crime of conviction. The district court used Smith's Illinois aggravated robbery conviction as the

predicate offense to satisfy the enhancements. When Smith was convicted of that crime, the statute "set[] out one or more elements of the offense in the alternative," meaning that there were multiple ways a defendant could be convicted of that crime under different subsections of the statute. 720 ILL. COMP. STAT. 5/18-5 (2008); *Descamps v. United States*, 570 U.S. 254, 257 (2013). The government and Smith agree that Smith was convicted under subsection (a) of the Illinois aggravated robbery statute, so that is the subsection on which we will focus. That subsection provided:

> A person commits aggravated robbery when he or she takes property from the person or presence of another by the use of force or by threatening the imminent use of force while indicating verbally or by his or her actions to the victim that he or she is presently armed with a firearm or other dangerous weapon, including a knife, club, ax, or bludgeon. This offense shall be applicable even though it is later determined that he or she had no firearm or other dangerous weapon, including a knife, club, ax, or bludgeon, in his or her possession when he or she committed the robbery.

720 ILL. COMP. STAT. 5/18-5(a) (2008).

Knowing how the crime used as the predicate offense was defined, we now see if the enhancements' definitions of serious violent felony and crime of violence "are broad enough to encompass the elements" of this crime. *Elion*, 76 F.4th at 625. Even though the enhancements are from different sources— one is from the Sentencing Guidelines and one is statutory— their scope is the same: they cover any federal or state felony

"that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a), (a)(1); 18 U.S.C. § 3559(c)(2)(F)(ii) (same).

Thus, we must answer a question—does Illinois aggravated robbery "always require[] the [prosecutor] to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force" against the person of another. *United States v. Taylor*, 596 U.S. 845, 850 (2022). This court has already held that a conviction under section 5/18-5(a) requires the use of force against the person of another. *Chagoya-Morales*, 859 F.3d at 422. But that case was decided before *Borden*, which added one piece to the categorical approach. Because the use of force necessarily demands the "active employment of force against another person," *Borden* explains, "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies … ." 593 U.S. at 445 (emphasis omitted).

Smith argues that under *Borden*, his Illinois aggravated robbery conviction criminalizes a broader range of conduct than that encompassed in the federal elements clause. This is because, he contends, Illinois criminalized *reckless* aggravated robberies in 2008, which *Borden* says cannot be violent felony predicates.

### III.

Now, we can turn to the central question—when Smith was convicted in 2008, would Illinois have upheld a conviction for aggravated robbery even if the defendant acted recklessly?

In Illinois, "the gist of the offense of robbery is the force or fear of violence directed at the victim in order to deprive him

of his property." *People v. Dennis*, 692 N.E.2d 325, 334 (Ill. 1998). "[T]he necessary force or threat of force must be used as a means of taking the property from the victim." *People v. Lewis*, 651 N.E.2d 72, 88 (Ill. 1995); *cf. People v. Strickland*, 609 N.E.2d 1366, 1382 (Ill. 1992) (force with the purpose of robbing not necessary, but "[t]his is not to say … that no concurrence between the force and the taking is required").

This fits neatly within *Borden*. That case says a conviction is not a crime of violence if the accused could have been convicted even though his use of force was "not directed or targeted at another." *Borden*, 593 U.S. at 443. The "conscious object" of the accused's forceful action must be "the person of another." *Id.* (quotation omitted). Reckless behavior, on the other hand, is when the accused "pay[s] insufficient attention to the potential application of force," meaning "his conduct is not opposed to or directed at another." *Id.* at 432.

It is hard to imagine how a defendant could "pay insufficient attention to the potential application of force" and yet direct that force at his victim. *Borden*, 593 U.S. at 432. We puzzled over that question last year in *United States v. Brown*, a post-*Borden* case evaluating a prior Illinois conviction for vehicular hijacking. 74 F.4th 527 (7th Cir. 2023); *see also United States v. Bragg*, 44 F.4th 1067, 1070 (8th Cir. 2022) (post-*Borden* categorical approach case holding Illinois armed robbery requires more-than-reckless conduct). The vehicular hijacking statute in *Brown* also required a taking "by the use of force." 74 F.4th at 530 (quotation omitted). With the aid of the same Illinois Supreme Court cases quoted above, in *Brown* we held that this statute required a taking with a state of mind greater than recklessness. *Id.* at 531.

Based on the Illinois Supreme Court's view of robbery and *Borden*'s interpretation of "use of force," we hold that the enhancements' definitions are "broad enough to encompass the elements of [Smith's] statute[] of conviction." *Elion*, 76 F.4th at 625.

Smith offers three counterarguments. First, he says Illinois has affirmed robbery convictions where the defendant's force was not intentional. Second, he contends Illinois's denial of a voluntary intoxication defense to defendants charged with aggravated robbery indicates unintentional force would be sufficient to convict them. Third, he points to a provision of the Illinois criminal code providing recklessness as the mens rea when a statute does not specify one (as in the aggravated robbery statute).

First, according to Smith, Illinois has affirmed robbery convictions where the defendant used force concurrently with the taking but unintentionally. Consider this hypothetical: One person reaches across another and snatches a wallet, but then loses his balance and falls into the victim. There is force—the collision—and a taking. Has this thief become a robber?

Smith says "yes" and cites three cases. In the first, *People v. Lewis* (a different *Lewis* than the 1995 case referenced earlier), the Illinois Appellate Court upheld a robbery conviction where the defendant grabbed the victim's money from a counter in front of the victim, a struggle ensued, and, when the defendant stooped down, the victim fell over him. The defendant then fled. 673 N.E.2d 1105, 1107 (Ill. App. 1996).

To Smith, *Lewis* is a case of reckless force: The defendant, paying insufficient attention to his surroundings, recklessly

collided with the victim. The court could sustain the conviction, Smith says, because there was *some* force present. As the dissenting judge put it, there was "no force … assertively deployed by the defendant in his attempt to take the victim's property." *Id.* at 1109 (Gordon, J., dissenting).

Per Smith, though the judges in *Lewis* disagreed about the target of Lewis's force—to effectuate the robbery, *id.* at 1107, or to escape the victim's grasp, *id.* at 1109 (Gordon, J., dissenting)—all concluded that "the defendant recklessly made contact with the victim." But the majority in *Lewis* saw the defendant's force as part of "a struggle to retain the money." *Id.* at 1107. Smith does not explain how this could be reckless.

The other two cases Smith cites do not help him either. In the second, *People v. Hollingsworth*, the Appellate Court of Illinois upheld a conviction for robbery where a gun became visible to the victim as the defendant leaned forward to grab some money off the victim's desk. 457 N.E.2d 1062, 1063 (Ill. App. 1983). The same court also upheld an armed robbery conviction in the third case, *People v. Bradford*, 397 N.E.2d 863 (Ill. App. 1979). There, two defendants handed a cashier a note reading, "Put all the money in the cash drawer in a bag." *Id.* at 865. Then, when the cashier looked up, one defendant moved his hand into a camera bag he was carrying. *Id.*

In neither case, Smith says, did the defendants "knowingly … or intentional[ly]" use force, meaning the force must have been "inadvertent." But those courts do not mention the defendant's mental state. *Hollingsworth* and *Bradford* instead address what magnitude of force completes a robbery, which tells us nothing about where it must be oriented. *See Hollingsworth*, 457 N.E.2d at 1064 (holding a victim's "impression

that the defendant was armed" is enough); *Bradford*, 937 N.E.2d at 867 (holding a "menacing gesture" is enough).

Second, Smith directs us to the absence of a voluntary intoxication defense for robbery. Voluntary intoxication cannot negate a reckless mental state. Because a voluntary intoxication defense is not available for robbery, he explains, a defendant could be convicted of robbery despite using reckless force.

But a voluntary intoxication defense is unavailable for robbery because it is a crime of general intent. *People v. Rosas*, 429 N.E.2d 898, 900–01 (Ill. App. 1981) ("We believe that there is a distinction between general and specific intent offenses and voluntary intoxication may be a defense to the latter but not the former."). And Illinois's lack of a specific intent requirement does not tell us anything about whether the use of force in robbery must be directed at the taking.

If Illinois robbery had a specific intent requirement, prosecutors would have to prove a defendant "form[ed] the … intent to commit the offense of … robbery" to win a conviction. *People v. White*, 365 N.E.2d 337, 343 (Ill. 1977) (considering armed robbery). The general intent "only require[s] that the prohibited result be reasonably expected to flow from the accused's voluntary act," meaning a prosecutor does not have to prove that a defendant in a general intent offense "intended to commit the stated offense." *People v. Grayer*, 2023 IL 128871, at *4 (Ill. Dec. 29, 2023); WAYNE R. LaFAVE, 1 SUBST. CRIM. L. § 5.2(e) (3d ed.) (a general intent offense does not have a "special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime").

So, "no intent need be charged" in an Illinois robbery case because "the taking by force or threat of force is the gist of the offense." *People v. Banks*, 388 N.E.2d 1244, 1248 (Ill. 1979). Indeed, Illinois courts have not had trouble demanding a specific showing of intent for other elements of the crime of robbery. In *People v. Jones*, for example, the Illinois Supreme Court explained that "common sense dictates that the perpetrator either intends to deprive the owner permanently of the use or benefit of the property" or knowingly treats the property as though he is permanently depriving the owner of it. 595 N.E.2d 1071, 1075 (Ill. 1992) (cleaned up). Robbery's lack of a specific intent element need not impact its other elements.

Smith's voluntary intoxication defense argument returns us to the beginning. Illinois may not require a defendant to intend to commit robbery, but it still demands that his force be directed at the taking.

Third, Smith points to 720 ILL. COMP. STAT. 5/4-3(b), which supplies any mens rea other than recklessness when a criminal statute does not specify one. Indeed, the 2008 version of the aggravated robbery statute is silent as to intent. *See* 720 ILL. COMP. STAT. 5/18-5(a) (2008). And the catchall provision explicitly includes recklessness: "If the statute does not prescribe a particular mental state applicable to an element of an offense," then "any mental state defined in Sections 4-4 [intent], 4-5 [knowledge], or 4-6 [recklessness] is applicable." 720 ILL. COMP. STAT. 5/4-3(b). Smith argues this provision compels

the conclusion that recklessness is enough to sustain a rob-
bery conviction.[2]

But there is another explanation. In *Brown*, "we [were] un-
able to read [Section] 4-3(b) to mean that the mere absence of
an express mens rea element inevitably leads to the conclu-
sion that an offense may be committed recklessly." *Brown*, 74
F.4th at 533 (emphasis omitted). Rather than a silver bullet
vanquishing all enhancements based on Illinois crimes with-
out mens reas, Section 4-3(b) is a "constitutional savings
clause," which prevents convictions based on negligence, ig-
norance, or mistake. *Id.* at 533; *see also id.* at 532–33 (consider-
ing Illinois Supreme Court cases).

The pattern jury instructions for aggravated robbery,
which list certain mental states also contained in the catchall
provision, thus cannot help Smith any more than the catchall
itself can. "Illinois pattern jury instructions are used only
when they accurately state the law." *People v. Peete*, 743 N.E.2d
689, 695 (Ill. App. Ct. 2001). In *Peete*, when the instructions did
not accurately state the law, they did "not affect [the court's]
analysis." *Id.* We see no reason to think the pattern instruction
has a legal consequence the catchall provision lacks.

### IV.

When Smith was convicted of aggravated robbery in Illi-
nois, the state had to prove "the use, attempted use, or threat-
ened use of force." *Taylor*, 596 U.S. at 850. A defendant who
"pa[id] insufficient attention to the potential application of
force" to effectuate a taking would not have been convicted of

---

[2] This court has grappled with similar arguments in the plain error
context. *See, e.g.*, *United States v. Carr*, ___ F.4th ___ No. 22-1245, 2024 WL
3324727, at *5 (7th Cir. July 8, 2024).

that crime. *Borden*, 593 U.S. at 432. Thus, that conviction qualifies as a "serious violent felony" subject to the statutory enhancement in 21 U.S.C. § 841(b)(1)(B), as well as a "crime of violence" subject to the career-offender Guideline classification in U.S.S.G. § 4B1.1(a).

The district court did not err by applying these enhancements, so we AFFIRM.