THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HUNTINGTON, Defendant-Appellant.

Fifth District   No. 82—157

Opinion filed June 10, 1983.

Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Stephen E. Norris and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Robert Huntington, was convicted of robbery by the circuit court of Jackson County sitting without a jury. The only issue raised by the parties on appeal is whether the element of force was proved beyond a reasonable doubt.

James Sargent testified that he was driving north on Illinois Avenue in Carbondale, Illinois, when he saw "an elderly lady spinning around and *** her coat in the air." Mr. Sargent saw defendant run down an alley, followed him, apprehended him, and detained him until police arrived.

Edna Parkin, who is 68 years of age and weighs 119 pounds, testified that she was walking north on the sidewalk of South Illinois Avenue in Carbondale, Illinois, when someone walked up behind her and grabbed her purse, which she carried on her left arm with the straps slightly above the wrist. The purse was not held down by her side nor was it wrapped around her arm or attached to her clothes. The purse, which consisted of two 12-inch leather handles with a gap of 16 inches, is approximately 18 inches wide and 12 inches high. The man was standing behind her when he grabbed the purse off her arm. According to Ms. Parkin, she was "just twirled around and it took me a few minutes to get my balance." She did not fall down, but spun one-quarter of the way around. As he pulled the purse, it pulled her arm and body back; however, he did not actually put his hand on her arm. Defendant touched only the purse, which the victim felt leave her arm. Ms. Parkin did not struggle with the man nor did she resist him. The incident lasted approximately two seconds.

█ Section 18—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 18—1) defines robbery as follows:

"A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."

Thus, if no force or threat of imminent force is used in the taking, there is no robbery. (*People v. Patton* (1979), 76 Ill. 2d 45, 389 N.E.2d 1174.) The evidence indicates that there was no robbery through the threatening of the imminent use of force; however, the State main-

tains that the use of actual force was established by the victim's testimony that she was spun one-quarter of the way around and lost her balance as a result of her purse being taken from her body.

The supreme court in *Patton* reviewed the cases addressing the issue of the degree of force necessary to constitute robbery. The *Patton* court noted that most jurisdictions considering the issue have held that a simple snatching or sudden taking of property from the person of another does not of itself involve sufficient force to constitute robbery; however, the act may be robbery where a struggle ensues, the victim is injured in the taking, or the property is so attached to the victim's person or clothing as to create resistance to the taking. The supreme court observed that there is not sufficient force to constitute robbery when the snatching or taking of property from an unsuspecting person is without some actual injury to the person or when the act of taking is unaccompanied by any degree of force employed to overcome resistance to such taking. It has been held that there is sufficient violence where a lady's ear was "torn completely through" in an endeavor to snatch her earring and where a steel watch chain around the victim's neck was broken by the defendant. In the case at bar, there was no struggle, no injury to the victim, no resistance, no breaking of the purse straps, and no attachment to the victim or her clothing as to create resistance to the taking.

Where an article is taken without any sensible or material violence to the person, as snatching a hat from the head or a cane or umbrella from the hand, the offense will be held to be theft from the person rather than robbery. (*People v. Patton; People v. Gray* (1980), 80 Ill. App. 3d 817, 400 N.E.2d 473.) We note that Ms. Parkin testified that she felt the purse come off her arm, felt the arm pulled back, and spun one-quarter of the way around. The element of force or intimidation must cause the surrender of the property, and we conclude that such force or intimidation has been established in the case at bar. Although where it is doubtful under the facts whether the accused is guilty of robbery, it is the duty of the court to resolve that doubt in favor of the lesser offense (*People v. Patton*), the evidence in the case at bar establishes that defendant tore the victim's purse from her grasp with such force that her entire body was spun one-quarter of the way around and she lost her balance.

For the foregoing reasons, defendant's conviction is affirmed.

Affirmed.

JONES and WELCH, JJ., concur.