THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NORMAN HOUSTON, Defendant-Appellant.

Fifth District   No. 5—85—0228

Opinion filed December 29, 1986.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Ken Torricelli, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Norman Houston, was charged by information with robbery, theft enhanced to a felony on the basis of a prior theft conviction, and battery. He was found guilty as charged at a bench trial and was sentenced to concurrent terms of imprisonment of 5 years for robbery, a 5-year extended term of imprisonment for felony theft, and a 364-day term of imprisonment for battery. Defendant then perfected the instant appeal. The relevant undisputed facts are as follow.

Carla Smith testified that she is a Southern Illinois University (SIU) employee and that she left her office in Woody Hall at about 2:40 p.m. on November 28, 1984, closed the door, and went a few feet down the hall to get a cup of coffee in the coffee room. Ms. Smith is confined to a wheelchair. She stated that she returned to her office in somewhat less than a minute, opened the door, and saw a man 8 feet away from her standing by or in front of her desk. She identified defendant as being the man in her office. This man turned towards her as she opened the door. She looked at him and asked what he was doing in her office. He replied, "Do you have change for a five?" Ms. Smith replied no and again asked what he was doing in her office. Ms. Smith noticed that her desk drawers had been pulled open and that her briefcase, which had contained her wallet, had been pulled up out of the bottom drawer. Ms. Smith immediately accused the man of having taken her wallet and money, in spite of the fact that she could not see what he was doing with either the wallet or briefcase. Ms. Smith testified that although she never saw the defendant with her wallet, she shouted to the defendant while she was still in the doorway in her wheelchair to put her wallet back. She then yelled for Marjorie Sue Piercy, who was a secretary in the next room. Thereupon, defendant moved towards the doorway and Ms. Smith "reached out and took hold of his arm." Ms. Smith testified that the only contact between her and the defendant was in the hands on the inside of defendant's wrists. She related that defendant pushed her and that since her wheelchair was not locked, it went backward through the door. Ms. Smith was grasping the cuffs of defendant's sweater as he

attempted to depart. Her wheelchair overturned, and Ms. Smith was thrown to the floor. Ms. Smith stated that she injured her back and that she struck her head and knees. She was taken to a hospital emergency room and was treated and released that same day. Ms. Smith testified that the entire incident transpired in approximately five minutes.

Marjorie Piercy testified that she was also employed by SIU and worked in Woody Hall. She said she was alerted by Ms. Smith's shouting and left her office and saw Ms. Smith lying in the corridor on the floor. There was a man standing at the end of the hallway by the door. She related that she observed the man for several seconds and had an opportunity to observe his face. Ms. Piercy identified the defendant as the same man she had seen standing in the corridor of Woody Hall.

Kathy Walsh testified that she also works in Woody Hall and that she had heard Ms. Smith's shouts. She related that she came out of her office and saw Ms. Smith lying on the floor. She stated that she saw a black individual about five feet away from her near the door. Ms. Walsh did not see the man's face as he left. She went into the stairwell to a window at a landing below. From this window she observed a person running and carrying a woman's wallet. She was of the opinion that this person was the same man she had seen earlier. Although Ms. Walsh picked out defendant's photograph from a SIU mug shot identification book the following day, she testified that she could not positively identify the defendant as the same person she had seen in Woody Hall on November 28, 1984. She testified that she was of the opinion that he was the same person.

Defendant raises four issues on appeal: (1) that he was not proved guilty of robbery beyond a reasonable doubt; (2) that he was improperly convicted of battery because he did not intentionally or knowingly cause harm to Ms. Smith; (3) alternatively, that his theft and battery convictions must be vacated because only one physical act served as the basis for these and the robbery conviction; and (4) alternatively, that the extended-term sentence imposed upon him for theft was improper.

Defendant first urges that he was not proved guilty of robbery beyond a reasonable doubt. Specifically, defendant contends that his guilt of robbery was not established because: (1) no force was threatened or used by defendant when he took Ms. Smith's wallet; and (2) even if it is determined that force was used, the force did not precede or immediately follow the taking, nor did the force used constitute part of the *res gestae* of the offense.

■ As provided by section 18–1 of the Criminal Code of 1961, as amended (Ill. Rev. Stat. 1983, ch. 38, par. 18–1), a person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force. In determining the extent of force necessary to constitute sufficient force to support a robbery conviction, we find our supreme court's decision in *People v. Patton* (1979), 76 Ill. 2d 45, 389 N.E.2d 1174, instructive. In *Patton*, it was held that Illinois follows the common law rule that stealing is by violence whensoever it is effected by doing even the least injury to the person or whenever the act of taking is accompanied by any degree of force employed to overcome resistance to such taking. (76 Ill. 2d 45, 49, 389 N.E.2d 1174, 1175, quoting with approval from Michael & Wechsler, Criminal Law and Its Administration 383 n.2 (1940).) Stated another way, an act may constitute robbery where a struggle ensues, the victim is injured in the taking, or the property is so attached to the victim's person or clothing as to create resistance to the taking. 76 Ill. 2d 45, 49, 389 N.E.2d 1174, 1175; *People v. Huntington* (1983), 115 Ill. App. 3d 943, 945, 451 N.E.2d 923, 924.

■ It is apparent that whether the force used was sufficient to constitute robbery is not necessarily dependent upon whether the perpetrator used or intended to use force to accomplish the theft. A theft may be robbery if the perpetrator overcomes or attempts to overcome the personal physical resistance of the victim with even the slightest degree of force. (See *People v. Huntington* (1983), 115 Ill. App. 3d 943, 945, 451 N.E.2d 923, 924.) We therefore conclude that the defendant's act of pushing against Ms. Smith when she resisted his attempt to escape with her wallet was force sufficient to support the robbery conviction.

■ Furthermore, while the taking of property may be accomplished without force, the offense is robbery if the perpetrator's departure is accomplished by the use of force. (*People v. Ditto* (1981), 98 Ill. App. 3d 36, 38, 424 N.E.2d 3, 5; *People v. Kennedy* (1973), 10 Ill. App. 3d 519, 521, 294 N.E.2d 788, 790.) Additionally, if the felonious possession of a perpetrator is challenged immediately upon the forcible taking and such possession is defended by the perpetrator, such defense is a part of the plan of robbery or the *res gestae* of the crime. (See *People v. Chambliss* (1966), 69 Ill. App. 2d 459, 466-67, 217 N.E.2d 422, 426.) In light of these holdings, we reject defendant's contention that the evidence introduced at trial failed to establish his guilt of robbery beyond a reasonable doubt; therefore, we conclude that defendant's robbery conviction should be affirmed.

■ Defendant next contends that his battery conviction must be reversed because he did not intentionally or knowingly cause physical harm to Ms. Smith. One is presumed to intend the natural and probable consequences of his actions. (*People v. Martinez* (1979), 78 Ill. App. 3d 590, 598, 396 N.E.2d 1359, 1366.) Acts performed in committing an offense may include a primary intent with an alternative or concurrent intent to commit another offense. (*People v. King* (1971), 2 Ill. App. 3d 870, 873, 275 N.E.2d 918, 920.) In the instant case the defendant pushed against a wheelchair-bound victim to effectuate a robbery. A natural and probable consequence of such action under the circumstances of the case at bar is that the wheelchair will move uncontrollably, thereby causing injury to the occupant of the wheelchair. We conclude, therefore, that defendant was proved guilty of battery beyond a reasonable doubt.

■ Nevertheless, we agree that defendant's contention in his third issue raised on appeal is well taken and that defendant's convictions and sentences for battery and theft must be vacated because they are impermissible under the rationale of *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45.

The amended information charged that on November 28, 1984, the defendant committed the following criminal offenses:

## COUNT I

"*ROBBERY*—In that the said Defendant took property, being one purse containing $140.00 United States Currency, from the presence of Carla Smith, by the use of force, in violation of Illinois Revised Statutes, 1983, ch. 38, sec. 18—1."

## COUNT II

"*THEFT*—In that the said Defendant knowingly obtained unauthorized control over property of Carla Smith, being one purse containing $140.00 United States Currency, having a total value not exceeding $300.00, intending to deprive Carla Smith permanently of the use of the property, *** in violation of Illinois Revised Statutes, 1983, ch. 38, sec. 16—1(a)(1)."

## COUNT III

"*BATTERY*—In that the said Defendant, without legal justification, intentionally caused bodily harm to Carla Smith, in that he flung Carla Smith out of a wheelchair with the weight of his body, in violation of Ill. Rev. Stat. 1983, ch. 38, sec. 12—3(a)(1)."

It is clear from the information that the robbery and theft charges lodged against the defendant were based upon the same physical act. (See *People v. Kosanovich* (1979), 69 Ill. App. 3d 748, 750, 387 N.E.2d 1061, 1063.) Consequently, the defendant's theft conviction must be vacated. Moreover, while the language of the information is not entirely clear as to the precise nature of the force used by defendant to accomplish the robbery, the evidence presented at trial clearly shows that such force was the defendant's pushing against Ms. Smith, which caused the bodily injuries referred to in the battery charge. Thus, both charges were based upon the same physical act. (See *People v. Ashford* (1974), 17 Ill. App. 3d 592, 597, 308 N.E.2d 271, 276.) Consequently, the defendant's battery conviction must be vacated.

Since we have vacated defendant's conviction for theft, we need not address his final contention on appeal that he was improperly given an extended-term sentence upon his conviction for theft.

For the foregoing reasons, defendant's conviction and sentence for robbery are affirmed; defendant's convictions for theft and battery are vacated.

Affirmed in part; vacated in part.

KARNS, P.J., and JONES, J., concur.