THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HENRY MERCHANT, Defendant-Appellant.

First District (2nd Division)   No. 1—04—1765

Opinion filed September 27, 2005.

Michael J. Pelletier and Brett C. Zeeb, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (James Fitzgerald, Manny Magence, and Jeffery Beck, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

Felix Frankfurter wrote: "In law, as in life, lines have to be drawn." *Pearce v. Commissioner of Internal Revenue*, 315 U.S. 543, 558, 86 L. Ed. 1016, 1025, 62 S. Ct. 754, 761 (1942) (Frankfurter, J., dissenting, joined by Stone, C.J.). In this case, we are called on to draw the line between theft from a person and robbery of that person. The answer depends on our evaluation of the moment and purpose when force was used to take something from the victim.

Following a bench trial, the defendant, Henry Merchant, was convicted of robbery and sentenced to six years in prison.

Defendant contends he was not proved guilty of robbery beyond a reasonable doubt because there was no evidence that he used force before or at the time of the taking of the money. At best, he says, he should have been convicted of theft from the person. He also contends

his sentence is excessive in light of the mitigating factors presented at his sentencing hearing. We affirm the conviction and the sentence.

FACTS

At trial, Albert Dean testified that on June 9, 2003, at approximately 11 p.m., he saw the defendant on the 2100 block of East 71st Street in Chicago. He did not know defendant and had never seen him before. Defendant was holding a handful of money and counting it. Dean approached the defendant. He asked him for change for a $20 bill. Defendant snatched the $20 bill and told Dean to "get the fuck on." After defendant made that statement, Dean "looked at him, like, out of surprise, you just not going to take my money.[1] Then we grabbed each other, and he slammed me into a window." Then the two men tussled.

Dean saw a police car down the street and beckoned the police to come over. Defendant started running. One police officer chased defendant on foot, and the other turned the car around. The officers brought the defendant back in the police car about three or four minutes later. Dean identified the defendant. The officers returned his $20 bill.

On cross-examination, Dean testified the defendant grabbed him around the throat and threw him into a window. Dean said, "[h]e snatched the money, throws me against the window, told me to get the fuck on." Dean also testified, "[h]e grabbed me. When I was trying to get my money back, he grabbed me and slammed me into the window."

Chicago police officer Charles Walter testified that as he was driving eastbound on 71st Street he saw two men tussling on the sidewalk. As he and his partner approached, the defendant looked toward them, then started running away. Officer Walter chased defendant on foot and apprehended him. He searched the defendant and found a crumpled $20 bill in one pocket and $76 in the other pocket. He inventoried the money and returned the $20 bill to Dean.

Following closing arguments, the court found defendant guilty of robbery.

At the sentencing hearing, the State presented evidence of defendant's three felony convictions—for possession of a firearm, possession of a controlled substance, and reckless homicide. In mitigation, the defense argued the defendant was 23 years old, had been employed at a temporary employment agency, and had a six-year-old daughter. The court sentenced defendant to six years in prison.

---

[1]The record is unclear as to whether Dean said those words to the defendant or merely thought them.

72

DECISION

I. Sufficiency of the Evidence

Defendant contends the State failed to prove he was guilty of the crime of robbery because the force used was not contemporaneous with the taking of the property. He asks us to reduce his conviction to theft from the person and remand for resentencing.

In an appeal challenging the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Smith*, 185 Ill. 2d 532, 541, 708 N.E.2d 365 (1999).

A person commits robbery when he or she takes property "from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18—1(a) (West 2002). Robbery is a Class 2 felony, punishable by not less than three and no more than seven years in prison. 720 ILCS 5/18—1(b) (West 2002); 730 ILCS 5/5—8—1(a)(5) (West 2002). A person commits theft when he or she knowingly obtains or exerts unauthorized control over property of the owner with the intent to deprive the owner permanently of the use or benefit of the property. 720 ILCS 5/16—1(a)(1) (West 2002). Theft of property from the person not exceeding $300 in value is a Class 3 felony, punishable by not less than two years and not more than five years in prison. 720 ILCS 5/16—1(b)(4) (West 2002); 730 ILCS 5/5—8—1(a)(6) (West 2002).

" '[T]he degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will.' " *People v. Bowel*, 111 Ill. 2d 58, 63, 488 N.E.2d 995 (1986), quoting *People v. Williams*, 23 Ill. 2d 295, 301, 178 N.E.2d 372 (1961); see also *People v. Ryan*, 239 Ill. 410, 412, 88 N.E. 170 (1909). Although a simple snatching or taking of property from the person is not sufficient force to constitute robbery, the act may be robbery where a struggle ensues, the victim is injured in the taking, or the property is so attached to the victim's person or clothing as to create resistance to the taking. *People v. Patton*, 76 Ill. 2d 45, 49, 389 N.E.2d 1174 (1979).

The defendant relies on *People v. Romo*, 85 Ill. App. 3d 886, 892, 407 N.E.2d 661 (1980), where the court found the defendant's kicking, pushing, and threatening the victim before leaving the scene was not sufficient proof of force to support a robbery conviction. In that case, the defendant impersonated a police detective and asked to see the victim's driver's license. *Romo*, 85 Ill. App. 3d at 888. When the victim

removed his wallet, the defendant "grabbed" it, removed all the money, and returned it to the victim. The victim asked the defendant to give him some money to buy food for his family. The defendant gave him $10. Before leaving the scene, the defendant pushed the victim, kicked him in the left calf, and threatened to kill him if he told anyone about the incident. *Romo*, 85 Ill. App. 3d at 888-89.

The court found grabbing the wallet from the victim's hands was not sufficient force to constitute robbery, because the property was taken before the victim knew what was happening and could put up a struggle. *Romo*, 85 Ill. App. 3d at 892. The court noted "the absence of any struggle or verbal threats by defendant during the events leading up to or at the time of the taking." *Romo*, 85 Ill. App. 3d at 892, citing *People v. Williams*, 42 Ill. App. 3d 134, 355 N.E.2d 597 (1976).

For a crime to constitute robbery, the court held, the force must precede or be contemporaneous with the taking of the property. *Romo*, 85 Ill. App. 3d at 892, citing *People v. King*, 67 Ill. App. 3d 754, 384 N.E.2d 1013 (1979). The pushing, kicking, and threats by the defendant before leaving the scene were insufficient evidence of force because "they did not immediately follow the taking or constitute part of the *res gestae* of the robbery." *Romo*, 85 Ill. App. 3d at 892, citing *People v. Heller*, 131 Ill. App. 2d 799, 267 N.E.2d 685 (1971), and *People v. Chambliss*, 69 Ill. App. 2d 459, 217 N.E.2d 422 (1966).

*Romo* does not control our decision in this case. We are not inclined to rely on the outdated, vague, and imprecise concept of *res gestae*. In addition, the facts in *Romo* are different. The defendant in *Romo* pushed and kicked the victim after taking his money and after the victim approached him to ask for money to feed his family. In effect, the taking of the wallet and the use of force were separate incidents. In contrast, the force in this case took place almost immediately after the taking, in the context of a struggle for possession of the victim's property. In more recent cases, this court has sustained convictions for robbery where a struggle ensued following the taking or the perpetrator used force when escaping the scene.

In *People v. Houston*, the victim, who was confined to a wheelchair, confronted a man in her office. She believed he had stolen her wallet. *People v. Houston*, 151 Ill. App. 3d 718, 719, 502 N.E.2d 1174 (1986). She accused the man of taking her wallet. She shouted at him to put it back. As the defendant moved toward the doorway to leave the room, the victim took hold of his arm and was knocked over and fell to the floor. *Houston*, 151 Ill. App. 3d at 719-20. The court found the defendant pushing against the victim when she resisted his attempt to escape was force sufficient to support the robbery conviction. *Houston*, 151 Ill. App. 3d at 721.

The *Houston* court held it is not necessary that the perpetrator

use or intend to use force to accomplish the theft. *Houston*, 151 Ill. App. 3d at 721. A theft may constitute robbery where "the perpetrator's departure is accomplished by the use of force," or "the felonious possession of a perpetrator is challenged immediately upon the forcible taking and such possession is defended by the perpetrator." *Houston*, 151 Ill. App. 3d at 721.

In *People v. Lewis*, the victim had just completed a purchase at a liquor store when the clerk placed his $17 to $18 in change on the turnstile. *People v. Lewis*, 285 Ill. App. 3d 653, 654, 673 N.E.2d 1105 (1996). The defendant placed his hand on the money. The victim grabbed his hand and tried to hold him, but some of the money fell on the floor. As defendant broke away, the victim grabbed his coat and pushed him. The defendant stooped down, causing the victim to fall over him, then fled. The court held the "struggle to retain the money" was force sufficient to constitute robbery. *Lewis*, 285 Ill. App. 3d at 656. The court found the case involved more than a mere snatching: a struggle ensued, and force occurred between the victim and the defendant. *Lewis*, 285 Ill. App. 3d at 656. The dissenting judge believed there was no robbery because the force took place while the defendant was continuing his effort to flee the scene, not during the taking of the money. *Lewis*, 285 Ill. App. 3d at 659 (Gordon, J., dissenting).

In *People v. Brooks*, the victim was riding on a bus when she observed a man move to the seat behind her. She felt her purse being opened. *People v. Brooks*, 202 Ill. App. 3d 164, 168, 559 N.E.2d 859 (1990). She discovered her wallet was missing and saw defendant sitting behind her holding the wallet. She demanded return of the wallet. The defendant pushed the victim's shoulder and exited the bus. *Brooks*, 202 Ill. App. 3d at 168. On appeal, the defendant argued no force was used in the actual removal of the wallet; the "push" did not occur in the context of a struggle for possession of the wallet. *Brooks*, 202 Ill. App. 3d at 169.

The court found sufficient force to constitute robbery because the victim offered immediate verbal resistance to the taking, followed by the defendant pushing the victim to accomplish his departure. "The force or threatened force need not transpire before or during the time the property is taken; the force may be used as part of a series of events constituting a single incident." *Brooks*, 202 Ill. App. 3d at 170, citing *People v. Brown*, 76 Ill. App. 2d 362, 222 N.E.2d 227 (1966). An offense may constitute robbery where "the perpetrator defends against a challenge immediately upon the taking or where the perpetrator's departure is accomplished by the use of force." *Brooks*, 202 Ill. App. 3d at 170, citing *People v. Ditto*, 98 Ill. App. 3d 36, 38, 424 N.E.2d 3 (1981); *Houston*, 151 Ill. App. 3d at 721.

■ Here, the defendant did not use force to "snatch" the $20 bill

from Dean's hands. Immediately following the taking, however, a mutual struggle ensued during which the defendant pushed Dean against a window. We find, in line with our holdings in *Lewis, Houston,* and *Brooks,* that this use of force elevates what would have been mere theft to robbery. The evidence strongly suggests Dean and the defendant struggled over possession of the money. That inference, combined with the immediacy of the struggle following the taking, supports our conclusion that the crime amounted to a robbery. We affirm the defendant's conviction.

## II. Sentencing

■ The defendant contends his six-year sentence is excessive because the trial court did not consider his young age, the particular circumstances of the offense, or his potential for rehabilitation. He asks this court to reduce his sentence or remand for resentencing.

Defendant argues that at the time of the incident, he was 22 years old and had no prior felony convictions involving the intentional use of violence. According to defendant's presentence investigative report, he earned his General Equivalency Diploma and planned to earn college credits and pursue a career as a chef. He also had a six-year-old daughter whom he supported financially. Defendant argues the circumstances of the offense did not merit such a severe sentence, because Dean received no physical injuries and his $20 was returned to him.

In aggravation, the State presented evidence of defendant's three prior felony convictions—for possession of a controlled substance, possession of a firearm, and reckless homicide.

A trial court's sentencing decision is entitled to great deference. *People v. Henderson,* 354 Ill. App. 3d 8, 19, 820 N.E.2d 108 (2004). Absent an abuse of discretion, this court will not substitute its judgment for that of the trial court, and we will not alter a defendant's sentence on review. *Henderson,* 354 Ill. App. 3d at 19.

Although the trial court did not recite mitigating factors, we presume the court considered the evidence in mitigation. See *People v. Smith,* 357 Ill. App. 3d 73, 99, 826 N.E.2d 1225 (2005). Given the defendant's prior criminal history, it was not an abuse of discretion for the trial court to sentence defendant to six years' imprisonment, a sentence within the appropriate sentencing range for robbery.

## CONCLUSION

We affirm the defendant's conviction and sentence.

Affirmed.

SOUTH and HALL, JJ., concur.