In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 16-2312

STEVEN KLIKNO,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————

No. 17-1824

JOSEPH VAN SACH,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————

No. 17-1929

ERNEST D. SHIELDS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

———————————

No. 17-2233

TONY LIPSCOMB,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

No. 17-2339

JAMES PINKNEY,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

No. 17-2514

LASHON BROWNING,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

————————————

On remand from the Supreme Court of the United States

————————————

SUBMITTED MARCH 29, 2019, AND APRIL 19, 2019 — DECIDED
JUNE 21, 2019

————————————

Before WOOD, *Chief Judge*, and FLAUM and KANNE, *Circuit Judges*.

WOOD, *Chief Judge*. The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), provides for an enhanced sentence for an ex-felon who possesses a firearm in violation of 18 U.S.C. § 922(g), if that person has "three previous convictions … for a violent felony or a serious drug offense, or both … ." ACCA defines a "violent felony" to include a federal or state crime punishable by more than a year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). While that definition may seem straightforward to the uninitiated, it has spawned almost as many questions as there are federal or state crimes.

The Supreme Court has addressed this matter several times, in an effort to clarify just how much violence is required for a crime to be qualifying, and how courts are to go about assessing that issue. It most recently spoke to these issues in *Stokeling v. United States*, 139 S. Ct. 544 (2019). In each of the six cases now before us, we concluded that the ACCA enhancement applied; the petitioner filed a petition for certiorari with the Court; the Court held that petition for the decision in *Stokeling*; and it now has remanded the case to us for reconsideration in light of *Stokeling*. Because each of these cases raises the same question—whether the Illinois statutes prohibiting robbery and armed robbery, 720 ILCS 5/18-1(a),

5/18-2, qualify as crimes of violence for ACCA purposes—we have consolidated them for disposition.

**I**

We begin by reviewing some basic principles. First, we are addressing only the "elements" approach to proving a crime of violence. The statute also enumerates certain crimes, see 18 U.S.C. § 924(e)(2)(B)(ii), but robbery is not on that list. (At one time there was also a so-called residual clause, but it was invalidated by the Supreme Court in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), and is not relevant to any of these appeals.) Second, in deciding whether a statute "has as an element the use, attempted use, or threatened use of physical force against the person of another," we must use a categorical approach, under which we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute in question is "divisible," meaning that it offers alternative elements rather than merely alternative ways of proving a single element, see *Mathis v. United States*, 136 S. Ct. 2243 (2016), then a somewhat more elaborate inquiry is permissible. *Id.* But the Illinois statute before us is not divisible, and so we are left with the ordinary categorical approach.

In *Curtis Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court took a close look at the level of force that is needed in order to trigger the ACCA sentencing enhancement. Curtis Johnson pleaded guilty to possessing a firearm after a felony conviction, 18 U.S.C. § 922(g), and the government argued that he was subject to the ACCA penalty scheme. One of his prior felonies was for the Florida offense of battery by "[a]ctually and intentionally touch[ing] another person,"

in violation of Fla. Stat. § 784.03(1)(a), (2) (2003). 559 U.S. at 135. The question was whether the degree of force required by the Florida law met the *federal* definition in ACCA. Under the common law, the Supreme Court observed, the "element of 'force' [was] satisfied by even the slightest offensive touching." 559 U.S at 139. But, bearing in mind the need to take context into account, the Court held that ACCA did not adopt the common-law approach. Instead, it said, "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis in original).

*Stokeling* addressed the next logical question in this sequence: how much physical pain or injury is necessary? Is a scratch or a pinch enough? If not, then how much more does the statute demand? Like *Curtis Johnson*, *Stokeling* arose in Florida. After Stokeling pleaded guilty to a violation of section 922(g), the government sought an enhanced sentence under ACCA; it relied in part on his 1997 Florida conviction for robbery. See Fla. Stat. § 812.13(1). That statute defines robbery as "the taking of money or other property … from the person or custody of another, … when in the course of the taking there is the use of force, violence, assault, or putting in fear." *Id.* Critically, the Florida Supreme Court had held in an earlier case "that the 'use of force' necessary to commit robbery requires 'resistance by the victim that is overcome by the physical force of the offender.' *Robinson v. State*, 692 So. 2d 883, 886 (1997)." *Stokeling,* 139 S. Ct. at 549.

The Supreme Court held that this was enough to satisfy ACCA. It relied substantially on the common-law definition of the crime of robbery, which requires force or violence, and

which understands "violence" to mean the use of sufficient force "to overcome the resistance encountered." *Id.* at 550. The history of ACCA and the widely accepted definition of robbery in the states reinforced the Court's conclusion. It was enough, the Court said, if a statute requires "force capable of causing physical pain or injury." *Id.* at 553. Merely snatching a wallet from a person's hand would not qualify as the use of force, but grabbing someone's fingers and peeling them back in order to steal whatever she was holding would. *Id.* at 555.

## II

### A

As we noted earlier, all six of the matters we have consolidated for decision took a similar procedural path. All involved motions under 28 U.S.C. § 2255 for collateral relief from a sentence that was enhanced under ACCA. In *Klikno v. United States,* we denied a certificate of appealability, and Klikno filed a petition for certiorari from that decision. See *Klikno v. United States*, No. 16-2312, 7th Cir. Jan. 9, 2017, cert. granted, judgment vacated, 139 S. Ct. 1249 (2019). In the other five cases, we reached the merits and concluded that the defendants were properly sentenced.[1] See *Van Sach v. United States*, No. 17-1824, 2017 WL 4842617 (7th Cir. Sept. 1, 2017), cert. granted, judgment vacated, 139 S. Ct. 1255 (2019); *Shields v. United States*, 885 F.3d 1020 (7th Cir. 2018), cert. granted,

---

[1] The government has not argued that we should revoke the certificates of appealability in any of the five cases in which certificates were granted. We thus take no position on the question whether, as the issues have now developed, any of these cases presents "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), as opposed to a question of statutory interpretation.

judgment vacated, 139 S. Ct. 1257 (2019); *Lipscomb v. United States*, 721 F. App'x 518 (7th Cir. 2018), cert. granted, judgment vacated, 139 S. Ct. 1260 (2019); *Pinkney v. United States*, 734 F. App'x 986 (7th Cir. 2018), cert. granted, judgment vacated, 139 S. Ct. 1322 (2019); and *Browning v. United States*, 723 F. App'x 343 (7th Cir. 2018), cert. granted, judgment vacated, 139 S. Ct. 1260 (2019). After we received the Supreme Court's mandate, we invited the parties to submit statements pursuant to Circuit Rule 54 on the proper next steps. We have received those statements, and so the cases are ready for decision.

B

Two Illinois statutes figure in all six cases: the law prohibiting robbery, and the law prohibiting armed robbery. The ordinary robbery statute reads as follows:

> A person commits robbery when he or she knowingly takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force.

720 ILCS 5/18-1(a). Armed robbery incorporates that language and adds additional criteria:

> A person commits armed robbery *when he or she violates Section 18-1*; and
>
> (1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
>
> (2) he or she carries on or about his or her person or is otherwise armed with a firearm; or

(3) he or she, during the commission of the offense, personally discharges a firearm; or

(4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.

720 ILCS 5/18-2(a) (emphasis added). Because no one can violate the armed robbery statute without meeting the criteria of section 18-1, it is enough for our purposes to examine whether Illinois's ordinary robbery statute satisfies the test set out in *Stokeling*.

The defendants argue that the Supreme Court already has signaled that our earlier decisions (each of which upheld reliance on the Illinois statute for ACCA) were wrong. They read *Lawrence v. Chater*, 516 U.S. 163 (1996), to say that the GVR ("grant, vacate, and remand") practice means that the Court believes that the lower court failed adequately to consider a point, or that there is a "reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation … ." *Id.* at 167. But it is one thing to say that a point requires further thought, with the benefit of the pertinent Supreme Court opinion, and another to say that there is some kind of presumption that the result should change. The GVR order, as the Court noted in *Lawrence*, is an efficient way for the Supreme Court to obtain the views of the lower courts on the effect of a new decision, whatever those views might be. We thus reject any suggestion

that the only task left for us is to reverse and find that the Illinois statute fails to satisfy ACCA's requirement.

The parties dispute whether, as a categorical matter, the degree of force required by the Illinois robbery statute is compatible with the definition of force in *Stokeling*. The government argues that the Florida robbery statute at issue in *Stokeling* is, for these purposes, indistinguishable from the Illinois robbery statute. The defendants contend to the contrary that the two statutes are not the same, because Illinois cases permit a robbery conviction for conduct that falls outside the scope of the common-law offense.

We focus on the language of the Illinois statute providing that a person commits robbery when he or she takes property "from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a). The Illinois Supreme Court has defined the degree of force necessary to constitute robbery as "such [force] that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will." *People v. Bowel*, 488 N.E.2d 995, 997 (Ill. 1986).

The government argues that Illinois caselaw establishes that mere offensive or unwanted touching or the effort associated with merely taking possession of property is insufficient to support a conviction under the robbery and armed robbery statutes. It cites *People v. Patton*, 389 N.E.2d 1174, 1175 (Ill. 1979), which overturned a robbery conviction where the defendant grabbed the victim's purse from her hand, "throwing her arm back 'a little bit.'" In *Patton*, the state supreme court concluded that

> a simple snatching or sudden taking of property from the person of another does not of itself involve sufficient force to constitute robbery, though the act may be robbery where a struggle ensues, the victim is injured in the taking, or the property is so attached to the victim's person or clothing as to create resistance to the taking.

*Id.* There is no meaningful difference between that statement and the test laid out in *Stokeling*. Given that fact, the government argues that this court correctly held that Illinois robbery convictions qualify as violent felonies under § 924(e)(2)(B)(i).[2]

The defendants acknowledge that for robbery convictions to qualify under ACCA after *Stokeling*, even slight force is "violent force" so long as it is employed to overcome the victim's resistance. They say, however, that we must examine both the amount of force and the temporal connection between the force and the theft component of robbery. Because they understand Illinois cases to permit a robbery conviction where the perpetrator does not overcome resistance by the victim or where the robber uses force after he has stolen the property, defendants reason that Illinois robbery is not categorically a violent felony.

Defendants assert that Illinois deems it robbery when the wrongdoer takes something that is attached to the victim's

---

[2] We acknowledge that in *Klikno* we decided only that a certificate of appealability should not issue. That had the practical effect of leaving undisturbed the district court's decision to apply the ACCA enhancement based on the Illinois statute. But the Supreme Court has instructed us to reconsider *Klikno*, along with the merits rulings in the other cases. With our earlier decision vacated by the Court, we are free to revisit the Certificate of Appealability decision.

clothing, thus overcoming resistance only from the clothing without also encountering any struggle or resistance from the victim. They point to two cases illustrating that a robbery conviction does not require force that overcomes resistance directly from the victim. In *People v. Campbell*, 84 N.E. 1035, 1036 (Ill. 1908), the Illinois Supreme Court held that the act of ripping off a diamond stud attached to a shirt, followed by a brief scuffle, was robbery. It said, "In the absence of active opposition, if the article was so attached to the person or the clothes to create resistance, however slight, or if there be a struggle to keep it, the taking is robbery." *Id.* The petitioners argue that if there is an "absence of active opposition" and the only force used is to separate an item from clothing, there is no resistance by the victim.

The Illinois Supreme Court expanded on the *Campbell* analysis in *People v. Taylor*, 541 N.E.2d 677, 679 (Ill. 1989). There it distinguished the physical effort of transferring something from its owner to another, such as taking a wallet from a person, from "[t]he force required to overcome the physical resistance created by the attachment of an item to the person or clothing of the owner." In *Taylor*, because the victim's "necklace was attached to her person in such a way that it offered resistance to anyone who would take it without permission," the court found that the defendant was guilty of robbery, not theft. We acknowledge that these are fine distinctions, but they are in line with the common-law examples cited by the Supreme Court in *Stokeling* to illustrate what constitutes force that overcomes a victim's resistance. "Under the common law it was robbery 'to seize another's watch or purse and use sufficient force to break a chain or guard by which it is attached to his person' … or pull a diamond pin out of a woman's hair when doing so tore away hair attached to the

pin." *Stokeling,* 139 S. Ct. at 550. The Court did not distinguish between overcoming active resistance by the victim and overcoming resistance necessary to remove an item that is attached to the clothing or person of the victim. Similarly, in both *Campbell* and *Taylor* the state supreme court held that the act was robbery because the defendant used force to overcome the victim's resistance. The latter two cases do not, in our view, describe any behavior outside the scope of *Stokeling*.

Next the defendants assert that, consistent with common law, force used during robbery to overcome a victim's resistance must occur before or contemporaneously with the acquisition of control over the property. Because Illinois has allowed robbery convictions where the wrongdoer uses force only after the theft, they argue, Illinois robbery covers more territory than generic robbery. They point to *People v. Merchant*, 836 N.E.2d 820, 824 (Ill. App. Ct. 2005), in which the court approved a robbery conviction where, after the offender grabbed a $20 bill from the victim's hand, a struggle broke out and the robber pushed the victim against a wall. The court relied on earlier decisions sustaining convictions for robbery "where a struggle ensued following the taking, or the perpetrator used force when escaping the scene." *Id.* at 823. It reasoned that although the defendant did not use force to snatch the money, the evidence suggested that the victim and defendant "struggled over possession of the money," and this physical conflict elevated the crime to a robbery when "combined with the immediacy of the struggle following the taking." *Id.* at 824.

The defendants argue that these Illinois cases conform not to the common law, but to the Model Penal Code, which allows force during flight to turn theft into robbery and thus are

outside the definition in *Stokeling*. See Model Penal Code § 222.1(1). But the Illinois cases distinguish between, on the one hand, the use of force after and separate from the taking, and, on the other hand, the use of force immediately following the taking that accomplishes the taking or the defendant's departure. Compare *People v. Romo*, 407 N.E.2d 661, 666 (Ill. App. Ct. 1980) (vacating robbery conviction where pushing, kicking, and threatening "occurred just before defendant left the scene of the crime" and "did not immediately follow the taking or constitute part of the *res gestae* of the robbery"), with *People v. Houston*, 502 N.E.2d 1174, 1176 (Ill. App. Ct. 1986) ("defendant's act of pushing against Ms. Smith when she resisted his attempt to escape with her wallet was force sufficient to support the robbery conviction"); *People v. Brooks*, 559 N.E.2d 859, 863 (Ill. App. Ct. 1990) (holding that defendant's push of victim while leaving scene was sufficient to sustain robbery conviction because force was used as part of "single incident and in response to the victim's challenge immediately upon the taking and before defendant's departure"). In other words, Illinois cases require that force be used as part of the action of taking or immediately leaving the scene. This can reasonably be characterized as force necessary to overcome the victim's resistance, and thus it is compatible with *Stokeling*'s definition of force.

Given *Stokeling*'s emphasis on state practice, it is also worth noting that the features of Illinois law highlighted by the defendants are not idiosyncratic to Illinois. As the dissenting justices in *Stokeling* pointed out, the Florida robbery statute also sweeps broadly. Although they would have said that the Florida law flunked the *Curtis Johnson* test for physical force, the majority saw things otherwise. The dissenters also worried that any degree of force could convert larceny into

robbery, and so (for example) the force element as the majority viewed it could be satisfied by a pickpocket who attempts to pull free after the victim catches his arm, or a thief who grabs a bag from a victim's shoulder (so long as the victim holds the strap for a moment), or a person who causes a bill to rip while pulling cash from the victim's hand. *Stokeling,* 139 S. Ct. at 558 (Sotomayor, J., dissenting). But the majority would have found adequate resistance in all of those situations, and it is their opinion we must follow. The Tenth Circuit understands *Stokeling* the same way. In *United States v. Ash*, 917 F.3d 1238, 1245 (10th Cir. 2019), it examined *Stokeling* and held that a Missouri conviction for second-degree robbery is categorically a crime of violence under the career-offender provision of the Sentencing Guidelines, § 4B1.2(a)(1), which is closely related to ACCA. It concluded that although Missouri courts have upheld robbery convictions where an item was "so attached to the person or clothes of the owner as to afford resistance" and where a defendant struggled with store employees while trying to escape, this degree of force was consistent with *Stokeling*. *Id.* at 1244.

## III

We can summarize *Curtis Johnson* and *Stokeling* as follows: they require more than the simple offensive touching that the common law would have called for, but the requirement to show "force sufficient to overcome a victim's resistance," 139 S. Ct. at 548, is not a demanding one. All that remains is to apply this understanding to the six cases before us.

### A.  Klikno

In 2007, Steven Klikno pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He

was sentenced to 188 months' imprisonment after receiving an enhancement under 18 U.S.C. § 924(e) for being an armed career criminal. Before his federal conviction, Klikno had amassed four convictions in Illinois: (1) residential burglary; (2) unlawful restraint; (3) aggravated battery; and (4) a 1995 conviction for armed robbery. In his motion under 28 U.S.C. § 2255 for post-conviction relief, Klikno argued that his Illinois unlawful restraint and armed robbery convictions did not qualify as predicate felonies under the Armed Career Criminal Act after *Samuel Johnson*. The government conceded that Illinois unlawful restraint was no longer a qualifying conviction after *Samuel Johnson* wiped out ACCA's residual clause, but it argued that Illinois armed robbery was a qualifying crime because it had as an element the requisite amount of force. The district court agreed, denied relief, and denied Klikno's request for a certificate of appealability. Klikno appealed, and we also declined to issue a certificate of appealability.

In light of our conclusion that the Illinois simple robbery crime has as an element the use of physical force as understood by the *Stokeling* Court, and the fact that armed robbery encompasses simple robbery, and for the additional reason that Klikno's argument under ACCA does not present a substantial showing of the denial of a constitutional right, we adhere to our denial of a certificate of appealability in his case.

## B. Van Sach

Following his conviction for being a felon in possession of a firearm in 2005, Joseph Van Sach was sentenced under ACCA to 210 months' imprisonment. The district court imposed that sentence because it found that three of Van Sach's Illinois convictions—two for aggravated battery to a peace

officer and one for armed robbery—qualified as "violent felonies" for purposes of ACCA. In 2016, several years after his first motion under 28 U.S.C. § 2255 was dismissed for failure to pay the docketing fee, Van Sach sought leave from this court to pursue a second section 2255 motion based on *Samuel Johnson*. We granted that application and authorized the district court to consider Van Sach's arguments that his Illinois convictions no longer counted as violent felonies under the ACCA. The district court denied relief; it ruled that all three convictions still counted, but it granted Van Sach a certificate of appealability.

We affirmed the denial of relief. With respect to the robbery conviction, we opted to stick with our reasoning in *United States v. Chagoya-Morales,* 859 F.3d 411, 422 (7th Cir. 2017), in which "[a] recent examination of a sampling of Illinois cases convinced us that a conviction under Illinois' robbery statute requires force sufficient to qualify under *Curtis Johnson*." *Van Sach*, 2017 WL 4842617 at *1. We also found, using the modified categorical approach, that Van Sach's aggravated battery convictions were based on the "bodily harm" provision of the relevant Illinois statute, a provision that satisfied *Curtis Johnson's* requirement for violent physical force according to binding circuit precedent, *United States v. Lynn*, 851 F.3d 786, 799 (7th Cir. 2017).

We see nothing in *Stokeling* that undermines those rulings, and so we once again deny Van Sach's motion for relief under 28 U.S.C. § 2255.

### C.  Shields

Ernest Shields was convicted of being a felon in possession of a firearm in 2013 and was sentenced to the mandatory

minimum of 180 months' imprisonment. 18 U.S.C. § 922(g)(1). That sentence rested on his three previous Illinois convictions for aggravated battery, residential burglary, and armed robbery. In his motion under 28 U.S.C. § 2255, Shields challenged the applicability of the "elements clause" to his residential burglary and armed robbery offenses. We rejected both claims, finding that his burglary argument was foreclosed by our decision in *Smith v. United States*, 877 F.3d 720, 724 (7th Cir. 2017), *cert. denied*, 139 S. Ct. 783 (2019), and holding that his armed robbery convictions qualified as "violent felonies" for the purpose of sentencing under ACCA. *Shields*, 885 F.3d at 1023–24. Upon reconsideration in light of *Stokeling*, we once again conclude that Shields's motion under section 2255 must be denied.

## D.  Lipscomb

Tony Lipscomb was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), possession of a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1), and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). In 1992, he was sentenced to 295 months of imprisonment on the section 922(g) count after a finding that he was an armed career criminal, 18 U.S.C. § 924(e); he also received a concurrent sentence of 240 months on the drug charge and a consecutive 60-month sentence on the section 924(c)(1) charge.

Lipscomb was designated as an armed career criminal based on two Illinois convictions for attempted murder in 1976 and 1979, and a 1975 Illinois conviction for robbery. He also has prior convictions for armed violence, attempted armed robbery, and attempted robbery. In his motion for post-conviction relief under 28 U.S.C. § 2255, Lipscomb

argued that only the armed violence conviction qualified as a predicate offense under either the Armed Career Criminal Act or the guidelines career criminal enhancement after *Samuel Johnson*, 135 S. Ct. 2551 (2015). The district court rejected that argument, and we affirmed. We held that Lipscomb's two attempted murder convictions and his armed robbery conviction were violent felonies under ACCA's elements clause. *Lipscomb*, 721 F. App'x 518 (citing *Hill v. United States*, 877 F.3d 717, 719–20 (7th Cir. 2017) and *Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018)). Upon reconsideration in light of *Stokeling*, we again conclude that Lipscomb is not entitled to relief.

### E. Pinkney

In 2011, James Pinkney pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Based on his prior Illinois convictions for criminal sexual assault, burglary, and two convictions for robbery, he received the mandatory minimum 180-month sentence prescribed by ACCA. He filed a motion under 28 U.S.C. § 2255 after the Supreme Court's decision in *Samuel Johnson*, arguing that his sentence was an improper application of the "elements clause" of the ACCA because his robbery convictions were not "violent felonies." Relying on our decision in *Shields*, we denied his motion. We did so because armed robbery and robbery shared the same controlling definition of force. *Pinkney v. United States*, 734 F. App'x at 988. We also noted that the timeliness of his appeal was a "close" question that we chose not to resolve given that *Shields* disposed of the merits. *Id.* For the same reasons we have reaffirmed our judgment in *Shields*, we again hold that Pinkney is not entitled to relief.

F.  Browning

In 2005, Lashon Browning was sentenced to 240 months' imprisonment after a conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district judge imposed that sentence based on its finding that three of Browning's prior convictions—two Illinois armed-robbery convictions and an Illinois aggravated battery conviction—counted as "violent felonies" for purposes of ACCA and so qualified him as a career offender. Without the ACCA enhancement, Browning's maximum sentence for the conviction would have been 120 months' imprisonment.

In a motion under 28 U.S.C. § 2255 filed in 2016, Browning argued that in the wake of *Samuel Johnson*, all three of his convictions no longer counted as violent felonies for purposes of ACCA. The district court denied the motion in a 2017 order, in which it ruled that the aggravated battery conviction was properly characterized as a violent felony (a ruling not challenged on appeal), and that the armed-robbery convictions also continued to qualify under *United States v. Dickerson*, 901 F.2d 579 (7th Cir. 1990) (holding that Illinois armed robbery is a violent felony under ACCA)—a decision we had recently reaffirmed. The district court granted a certificate of appealability limited to the armed-robbery convictions.

By the time we resolved Browning's appeal, we had decided *Shields*, which confirmed that *Dickerson* remained good law and that "Illinois courts require sufficient force for robbery convictions to be predicate violent felonies." 885 F.3d at 1024. We found that "Browning [did] not give us a reason to question that analysis [in *Shields*]." *Browning*, 723 F. App'x at 344. Although Browning's appeal brought to our attention the fact that certiorari had been granted in *Stokeling*, we predicted

that *Stokeling* was "unlikely to change our interpretation of the Illinois force requirement," given that *Stokeling* concerned a Florida statute that required "only slight force," unlike the relevant Illinois provisions. *Id.* Now that we know the outcome of *Stokeling*, we reaffirm our view that Illinois robbery and armed robbery require "force sufficient to overcome the victim's resistance," and thus a conviction under either of those laws may be used as a predicate under ACCA.

*   *   *

In summary, we conclude that nothing in the Supreme Court's decision in *Stokeling* requires a different result in any of the six cases discussed here. Our conclusions follow:

- In No. 16-2312, we again DENY a certificate of appealability for Steven Klikno.

- In No. 17-1824, we AFFIRM the denial of Joseph Van Sach's motion under 28 U.S.C. § 2255.

- In No. 17-1929, we AFFIRM the denial of Ernest Shields's motion under 28 U.S.C. § 2255.

- In No. 17-2233, we AFFIRM the denial of Tony Lipscomb's motion under 28 U.S.C. § 2255.

- In No. 17-2339, we AFFIRM the denial of James Pinkney's motion under 28 U.S.C. § 2255.

- In No. 17-2514, we AFFIRM the denial of Lashon Browning's motion under 28 U.S.C. § 2255.

SO ORDERED.