**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 30, 2020[*]
Decided February 11, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1173

| | |
|---|---|
| TERRY JONES, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 C 6396 |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Milton I. Shadur, *Judge*. |

**O R D E R**

Terry Jones moved under 28 U.S.C. § 2255 to vacate his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), arguing that his previous Illinois

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

robbery convictions do not qualify as violent felonies under the Act. The district court denied the motion. Because Illinois robbery qualifies as a violent felony under ACCA, *see Klikno v. United States*, 928 F.3d 539, 545–46 (7th Cir. 2019), we affirm.

**I**

Jones pleaded guilty in 2007 to one count of possession of a firearm by a felon. 18 U.S.C. § 922(g). The Probation Office determined that he qualified for an enhanced sentence under ACCA based on three previous Illinois convictions: armed violence, robbery, and manufacture/delivery of a controlled substance. The Probation Office also noted that Jones had two additional convictions for Illinois robbery. Adopting the PSR, the district court sentenced him in 2008 to § 924(e)'s statutory minimum of 180 months.

Eight years later, in 2016, Jones moved to vacate his sentence under 28 U.S.C. § 2255. He argued that the Supreme Court's recent invalidation of ACCA's residual clause in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), precluded his prior conviction for Illinois robbery from qualifying as a predicate offense under ACCA. The government countered that Jones's three convictions for Illinois robbery, now codified at 720 ILCS 5/18-1(a), still qualified as predicate offenses under ACCA's "elements clause."

The district court denied Jones's § 2255 motion and his request for a certificate of appealability. The court accepted the government's position that an Illinois robbery qualifies as a violent felony—and predicate offense—under ACCA's "elements clause." Jones moved pro se to reconsider, and the district court denied this motion. Jones then moved for a certificate of appealability, which we granted.

**II**

On appeal Jones argues that Illinois robbery is not a qualifying conviction under ACCA because the crime can be committed using less than "physical force." *See* 18 U.S.C. § 924e(2)(B)(i) (covering offenses that have as an element "the use, attempted use, or threatened use of physical force"). For support, he points to *United States v. Stokeling*, 139 S. Ct. 544, 550–52, 555 (2019), in which the Supreme Court drew upon the common-law definition of robbery—requiring "sufficient force … to overcome resistance," *id.* at 551—and held that Florida robbery qualifies as a violent felony under ACCA because it requires a degree of force necessary to overcome a victim's resistance. Jones reads *Stokeling* to suggest that Illinois robbery cannot categorically be a violent felony because Illinois robbery covers situations when the

defendant uses *no* force to overcome resistance by the victim, or when the defendant uses force only *after* theft.

But Jones's arguments are foreclosed by *Klikno v. United States*, 928 F.3d 539 (7th Cir. 2019). In *Klikno*, we concluded that Illinois robbery is categorically a violent felony under ACCA because no difference exists between *Stokeling's* definition of force and the force required by the Illinois robbery statute—characterized as "force necessary to overcome the victim's resistance." 928 F.3d at 546. We rejected the idea that one can commit Illinois robbery without using force to overcome the victim's resistance, or by applying force only after a taking. *Id.* at 545–47.

Jones relatedly argues that Illinois permits a robbery conviction even when the defendant uses *no* force. He principally relies on *People v. Campbell*, 84 N.E. 1035, 1036 (Ill. 1908), which held that a taking is a robbery generally if there is a struggle to keep the item, or, even "in the absence of active opposition, if the article is so attached to the person or clothes as to create resistance, however slight." But the defendant in *Campbell* did use force to overcome the victim's resistance when he pulled off a diamond stud attached to the victim's shirt, engaging in a scuffle for the diamond either mid-pull or immediately after. *Id. Campbell* thus cannot be read to permit a broader range of force than that permitted by ACCA. *Klikno*, 928 F.3d at 545. In *Klikno*, we explained that the common-law examples of robbery in *Stokeling*, 139 S. Ct. at 550—pulling a diamond pin out of the victim's hair with enough force to tear out hair, and seizing another's watch with enough force to break the chain attached to the victim's person—do not distinguish between overcoming a victim's active resistance and overcoming the passive resistance produced by the attachment of an item to the victim's person or clothing. *Klikno*, 928 F.3d at 545. *See also People v. Taylor*, 541 N.E.2d 677, 679–680 (Ill. 1989).

Jones next argues that Illinois permits a robbery conviction even when the defendant uses force only after a taking, and so a robber in Illinois need not use force to overcome a victim's resistance. But as we explained in *Klikno*, Illinois robbery does not include scenarios where the perpetrator applied force clearly after and separate from the taking. 928 F.3d at 546. *Klikno* relies on an Illinois Appellate Court decision, *People v. Romo*, in which the defendant's robbery conviction was reduced to theft because his use of force was separate from the taking—the defendant had pushed, kicked, and threatened the victim only *after* he had taken money from the victim's wallet, returned the victim's wallet to him, and returned ten dollars to the victim. 407 N.E.2d 661, 666 (Ill. App. Ct. 1980). Illinois robbery requires that the use of force follow the taking

*immediately* and be for the purpose of either overcoming the victim's effort to recapture the item or helping the defendant to escape. *See People v. Houston*, 502 N.E. 1174, 1176 (Ill. App. Ct. 1986) (defendant pushed against victim when she took hold of his arm as he tried to escape her office with her wallet); *People v. Brooks*, 539 N.E.2d 859, 861, 863 (Ill. App. Ct. 1990) (defendant pushed victim's shoulder when she verbally resisted his taking her wallet).

Jones seems to argue that Illinois does allow for robbery convictions based on force applied only after the taking because the Illinois Appellate Court disavowed *Romo* in a later opinion. The appellate court in *People v. Merchant*, 836 N.E.2d 820, 823 (Ill. App. Ct. 2005), wrote that *Romo* "does not control our decision in this case. We are not inclined to rely on the outdated, vague, and imprecise concept of *res gestae*." But Jones misreads *Merchant*. The *Merchant* court characterized its facts as belonging to a "single incident": The victim and defendant fought immediately after the defendant snatched the money from the victim's hand. *Id.* at 823–24. The facts in *Romo*, by contrast, formed "separate incidents": The defendant used force against the victim clearly after and separate from the defendant's taking of the victim's wallet. *Merchant*, 836 N.E.2d at 823 (citing *Romo*, 407 N.E.2d at 666). Further, because "a decision of an [Illinois] appellate court may only be reversed or overruled by [the Illinois Supreme Court]," the *Merchant* decision did not overrule *Romo* (both decisions were decided by Illinois appellate courts). *Gillen v. State Farm Mut. Auto. Ins. Co.*, 830 N.E.2d 575, 581 n.2 (Ill. 2005). *Romo* remains good law.

AFFIRMED